## Chicago and Eastern Illinois Railroad Company
### v.
### Robert Stewart.

*Opinion filed June 16, 1903.*

1. New trial—*new trial not granted for purpose of impeaching witness.* A new trial upon the ground of newly discovered evidence will not be granted for the purpose of allowing the impeachment of a witness, even though he be the plaintiff.

2. Same—*when new trial is properly denied.* Evidence, discovered after the trial, that plaintiff in a personal injury case had lost three fingers when working for a certain railroad company, whereas he testified he had never been injured on such road, is not ground for new trial where no damages were claimed for the loss of such fingers, the injury complained of being to his spine and arm.

*C. & E. I. R. R. Co.* v. *Stewart,* 104 Ill. App. 37, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. 'M. Kavanagh, Judge, presiding.

W. H. Lyford, (Albert M. Cross, of counsel,) for appellant.

Francis T. Murphy, (Edward C. Higgins, of counsel,) for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

This is an action of trespass on the case, brought by Robert Stewart against appellant, to recover damages on account of a personal injury sustained by him on the 30th day of December, 1899, occasioned by a collision between appellant's locomotive engine and the street car upon which appellee was a passenger, in the city of Chicago. The jury returned a verdict for $1358.40. Appellant made a motion for a new trial, which was overruled, and judgment was rendered upon the verdict. The railroad company now prosecutes a further appeal from

a judgment of affirmance in the Appellate Court for the First District.

The only ground for reversal urged in this court is, that the court below erred in overruling the defendant's motion for a new trial on the ground of newly discovered evidence. The claim for damages was for injuries to the plaintiff's spine, shoulder and arm. During the progress of the trial plaintiff testified that he had never received an injury before this accident. On cross-examination he was asked if he had not been injured some years ago in an accident on the Santa Fe railroad, to which he replied that he did not get hurt in that accident. He was then asked to hold up his left hand, which showed three fingers missing, and when asked as to the time of losing those fingers he replied that he did not remember when it was. After the verdict was returned the claim agent of the appellant company made an investigation on the Santa Fe accident, and ascertained from the county hospital that on April 25, 1899, one "R. Stuart" had been taken to that hospital because of an injury to his hand. The agent then made an affidavit to the facts ascertained by him in his investigation, and counsel for appellant presented it to the court in support of the motion for a new trial. Counsel insisted that new evidence had been discovered which would tend to impeach the plaintiff and show that he had sworn falsely when he stated that he did not know when he received the injury to his hand. No claim is made in this cause for any injury to the hand, therefore the loss of the fingers was wholly immaterial to the issue in the case. It was, perhaps, proper, in the discretion of the court, to permit the cross-examination of the witness upon that subject for the purpose of discrediting him, but for no other purpose. The newly discovered evidence, therefore, even if it would have been competent upon the trial, tended only to impeach or discredit the plaintiff, and that upon a matter not material to the issue. It has been often decided by this court that

a new trial will never be granted on the ground of newly discovered evidence merely for the purpose of impeaching a witness who testified upon the trial. (*Friedberg* v. *People*, 102 Ill. 160; *Grady* v. *People*, 125 id. 122; *Monroe* v. *Snow*, 131 id. 126; *Bemis* v. *Horner*, 165 id. 347; *Chicago and Northwestern Railway Co.* v. *Calumet Stock Farm*, 194 id. 9.) The motion for new trial was therefore properly overruled.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*