(No. 16101.—Judgment affirmed.)

DELIA ROE, Defendant in Error, *vs.* SARAH E. ROE *et al.* Plaintiffs in Error.

*Opinion filed December 16, 1924.*

1. APPEALS AND ERRORS—*when Appellate Court cannot reverse with finding of facts.* The Appellate Court cannot reverse a judgment for the plaintiff in an action at law on the ground that the judgment is contrary to the preponderance of the evidence and at the same time make a finding of facts without remanding the cause, as such action is justified only where there is no legitimate evidence tending to prove the cause of action.

2. SAME—*when Supreme Court cannot determine preponderance of evidence.* Where the evidence for the plaintiff in an action at law tends to support the cause of action the Supreme Court can not reverse the judgment of the Appellate Court affirming the trial court's judgment for the plaintiff even though the Supreme Court is of opinion the judgment is not supported by the preponderance of the evidence, as the weight of the evidence is for the jury.

3. HUSBAND AND WIFE—*when instructions are sufficient in an action against parents for alienation.* A parent may, if he acts without malice and unworthy motives, advise his child about domestic affairs without incurring liability for alienation, but in an action by a wife against her husband's parents for alienation of his affections it is not necessary that every instruction advise the jury of the difference between such a suit against parents and the same action against strangers, where some of the instructions properly state what must be proved by the plaintiff in the suit against parents and no contradictory instructions are given.

HEARD, J., took no part.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Edgar county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding.

O'HAIR & McCLAIN, and GEORGE B. GILLESPIE, (GEO. M. GILLESPIE, and THOMAS E. GILLESPIE, of counsel,) for plaintiffs in error.

STEWART W. KINCAID, and JAMES G. ALLEN, for defendant in error.

Mr. Justice Farmer delivered the opinion of the court:

This is an action by Delia Roe against Sarah E. and William R. Roe, for damages. The parties will be referred to as plaintiff and defendants. Defendants are mother and father of plaintiff's husband, Fred Roe, to whom she was married November 1, 1919. The first two counts of the amended declaration charge defendants maliciously and wantonly assaulted and struck plaintiff and also threw her with great force and violence against the wheel of a cultivator. The third and fourth counts charge defendants wrongfully and maliciously, by divers means, alienated the affections of plaintiff's husband and caused their separation. The case was tried by jury and plaintiff had judgment for $4500. Defendants appealed to the Appellate Court, and that court affirmed the judgment. The petition of defendants for *certiorari* was granted by this court, and the record is brought here for review.

It is argued by defendants that the verdict and judgment were contrary to the preponderance of the evidence, and that the Appellate Court erred in not reversing the judgment with a finding of facts. Such action of the Appellate Court could only be justified where there was no legitimate evidence tending to prove the cause of action. (*Mirich* v. *Forschner Contracting Co.* 312 Ill. 343.) It is undeniable that plaintiff's proof tended to support the cause of action. It is true the evidence was conflicting, but it was for the jury to determine its weight and credibility, and in such a case, where the judgment is affirmed by the Appellate Court, this court cannot reverse the judgment of the Appellate Court if we should be of opinion it was not supported by a preponderance of the evidence. (*Scovill Manf. Co.* v. *Cassidy,* 275 Ill. 462, and cases cited.) We shall not enter upon the useless task of setting out and analyzing the evidence of the respective parties, further than to say if the evidence on behalf of plaintiff is to be believed, the charges in the declaration, including the assaults on the plaintiff by defend-

ants, were sustained. If the testimony on behalf of defendants is believed the contrary might be true. It is certain this court could not reverse the judgment because it is contrary to the preponderance of the evidence.

Defendants assign as error the action of the court in giving plaintiff's second and third instructions. The second instruction told the jury, if they found from a preponderance of the evidence that the affections of plaintiff's husband for her were destroyed and that the acts and conduct of defendants were the controlling cause and without such conduct his affections would not have been alienated, then plaintiff was entitled to recover although there might have been other causes contributing to the same result. The third instruction told the jury that it was not essential to plaintiff's right of action against defendants that their conduct was the sole cause of the alienation of her husband's affections, but if the jury believed from a preponderance of the evidence that plaintiff's husband's affections were alienated and that the acts and conduct of defendants were the controlling cause of the alienation, plaintiff would have a right of action.

The objection made to these instructions is, it is claimed that they would authorize a recovery by plaintiff even though the defendants, as parents of plaintiff's husband, had the right, when acting in good faith and with proper motives, to give their son counsel and advice. It is the law that a parent may, if he acts without malice and unworthy motives, advise his child about domestic affairs without incurring liability for alienation. All four counts of the declaration charged defendants with malicious, wanton and willful conduct in assaulting the plaintiff and in alienating her husband's affections, and the court instructed the jury, at the request of defendants, that it was incumbent upon plaintiff to prove by a preponderance of the evidence that she had lost the affections of her husband and that the loss of her husband's affections was directly attributable to the

willful, malicious and unjust conduct of defendants and was not the result of some other cause or circumstance. The court also, at the request of defendants, instructed the jury that on the subject of alienation the rights of parents were different from the rights of strangers; that defendants had a right to treat plaintiff's husband as a son; that they had a lawful right to advise him, if they did so honestly and in good faith, with respect to domestic affairs, for the purpose of aiding in the general welfare of their son. The court further instructed the jury, on behalf of defendants, that it was incumbent on plaintiff to prove by a preponderance of the evidence that the conduct of defendants did alienate her husband's affections and that their conduct was intended by them to have that result. The court further instructed the jury, for defendants, that in a suit against parents for alienation of their son's affections from his wife it must be shown by a preponderance of the evidence that the parents acted in bad faith and for the purpose of alienating their son's affections from his wife, and unless so shown by a preponderance of the evidence it must be presumed the parents acted in good faith for the best interests and happiness of their son.

The court gave seventeen instructions for defendants, covering very fully all the rights and defenses of defendants and repeating the substance of the rules of law announced in many of them. The mere omission to state in plaintiff's second and third instructions the difference the law recognizes in alienation suits against parents and strangers could not have prejudiced defendants. The action was against parents, and the instructions told the jury it was incumbent on plaintiff to prove by a preponderance of the evidence that the acts and conduct of the defendants were the controlling and proximate cause of alienating her husband's affections. If in the absence of any instruction upon the difference in the rights of parents and strangers the jury might have been misled,—which we do not think would have

been the case,—in view of the very full, repeated and explicit instructions for defendants it was not possible for the jury to be misled. There were no contradictory instructions.

Plaintiff's first instruction was on the subject of damages, and some complaint is made of the court's action in giving it. The instruction was not erroneous in view of the evidence, and the court did not err in giving it.

There are no errors of law or any other questions raised which this court has a right to consider that would justify a reversal of the judgment, and it is affirmed.

*Judgment affirmed.*

Mr. JUSTICE HEARD took no part in this decision.