Irvin Shaffer, d/b/a City Glass Co., Appellant, v. Cullerton Corp., Blue Star Auto Supply, Nathan Flyer & Son, Inc., Appellees.

Gen. No. 46,926.

First District, Second Division.

February 19, 1957.

Released for publication April 2, 1957.

Harry L. Yale, of Chicago, for appellant.

Tannenbaum & Polikoff, of Chicago, for appellee; William M. Tannenbaum, of Chicago, of counsel. Arvey, Hodes & Mantynband, of Chicago, for appellees, Cullerton Corporation and Blue Star Auto Supply; Louis M. Mantynband, and Irwin I. Zatz, of counsel.

PRESIDING JUSTICE ROBSON delivered the opinion of the court.

This is an appeal from an order granting defendants' motions to strike plaintiff's second amended statement of claim. This is an action against three corporate defendants to recover $600 for labor and material allegedly supplied by plaintiff at the special instance and request of defendants and to enforce a mechanic's lien pursuant to section 28 of the Mechanics' Lien Act, Ill. Rev. Stat. 1955, chap. 82, par. 28.

Plaintiff's second amended statement of claim alleges that during June, 1953, he was hired by the Schor Glass Company to install a metal store front on the premises at 2001–11 South State street, Chicago, Illinois, and that he completed his work on October 8, 1953. He further alleges that defendant Nathan Flyer & Son, Inc. was in the process of remodeling said premises as general contractor for defendant Cullerton Corporation, the owner of the premises, and defendant Blue Star Auto Supply, the lessee, and that Flyer hired the Schor Glass Company to do the glazing and steel front work.

Plaintiff alleges a failure by defendant Flyer to furnish the owner with a written statement of the names of all parties furnishing labor and material and the amount due thereon pursuant to section 5 of the Mechanics' Lien Act, Ill. Rev. Stat. 1955, chap. 82, par. 5. Other allegations include plaintiff's demand of pay-

73

ment from defendants, defendants' refusal, service of notice of a subcontractor's lien on defendants Cullerton and Flyer, and a general claim that the labor and material furnished by plaintiff enhanced the value of the premises.

■ ■ Plaintiff's first contention that the second amended statement of claim states a good cause of action to enforce a mechanic's lien is without merit. It failed to allege the existence of any contract between either of the defendants, Cullerton Corporation and Blue Star Auto Supply, and defendant Nathan Flyer & Son as general contractor. The lien of a subcontractor can exist only by virtue of the original contract between the owner and contractor. The materials must be furnished or the labor must be done in connection with the purposes of the original contract. Douglas Lumber Co. v. Chicago Home for Incurables, 380 Ill. 87, 95; VonPlaten v. Winterbotham, 203 Ill. 198, 204; Love, Illinois Mechanics Liens 2nd Ed., pp. 330, 331.

The next question presented by this appeal is whether or not plaintiff's second amended statement of claim establishes his right to maintain a joint action at law against the owner and contractor for the amount allegedly due him.

Ill. Rev. Stat. 1955, chap. 82, par. 28, provides that laborers, materialmen and subcontractors may bring a joint action at law against the owner and contractor, if unpaid ten days after serving notice pursuant to section 24 upon the owner, his agent, or architect, or the superintendent having charge of the building or improvement. Purportedly, this is such an action.

The remedy granted in section 28 may be invoked only after notice has been served upon the owner as provided in section 24 of the Mechanics' Lien Act. Such notice may be served on the "owner or his agent or architect, or the superintendent having charge of the building or improvement." The only notice in this

instance was served on Nathan Flyer & Son, Inc., the alleged general contractor employed by the owner and the lessee, defendants Cullerton Corporation and Blue Star Auto Supply.

██ Plaintiff argues that Flyer, as contractor, is a superintendent within the meaning of the statute. He cites no authority to support this contention. We are of the opinion that the contention is without merit. It is conceivable that under the terms of a contract between an owner and an independent contractor, the contractor might be the superintendent of the building or improvement within the meaning of the statute. But where, as here, no contract has been established, and the interest of the alleged contractor may be distinctly adverse to that of the owner, we cannot hold that service of notice on the contractor meets the requirements set forth in section 24. As this court has previously pointed out, notice to the owner is the very substance of the basis upon which a mechanic's lien may be predicated. Roth v. Lehman, 1 Ill.App.2d 94 (1953). This statement loses none of its vitality in a situation such as this, where the statute specifically provides that notice to the owner shall be a condition precedent to a joint action at law against the owner and contractor.

The order of the trial court striking plaintiff's second amended statement of claim is affirmed.

Order affirmed.

SCHWARTZ and McCORMICK, JJ., concur.