**Elizabeth Morsovillo, Plaintiff-Appellee, v. South Suburban Safeway Lines, Inc., an Illinois Corporation, Defendant-Appellant.**

Gen. No. 49,389.

First District, Fourth Division.

May 20, 1964.

Rehearing denied June 17, 1964.

Dale, Haffner, Grow & Overgaard, of Chicago (Mitchell J. Overgaard, of counsel), for appellant.

Lewis L. Root, of Chicago (Arnold S. Root, Charles D. Snewind and Robert A. Sprecher, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendant appeals from a jury verdict and judgment of $8,800 [*] for personal injuries sustained by plaintiff in an automobile collision.

Plaintiff was a passenger in an automobile owned by her and operated by her sixteen-year-old son Ronald when it collided with defendant's bus. She and her son, both employees of the Washington Park Race Track, had driven to work at her request and were returning home at the time of the accident.

At the trial plaintiff testified that she was the owner of the car and had requested her son to drive her. Her son testified over objection that his money had been used to purchase the automobile. He also stated that while title to it was in his mother, he was the only person who drove it. Defendant contended that as a matter of law under the evidence the son was the agent of the plaintiff. In Arkin v. Page, 287 Ill 420, 123 NE 30, at page 423, the court said:

> . . . the liability, if any, must rest upon the relation of master and servant between the driver of the automobile and the owner,—that is, upon the fact that the driver of the automobile was at the time engaged in doing the owner's business.

See also, Brooks v. Snyder, 302 Ill App 432, 24 NE2d 55; Smoot v. Hollingsworth, 265 Ill App 447.

The following instruction was tendered by the defendant: [**]

> Ronald Morsovillo was the agent of the plaintiff, Elizabeth Morsovillo, at and before the time of this occurrence, therefore any action or omission of the agent at that time was in law the act or omission of the plaintiff, Elizabeth Morsovillo.

[*] Reduced by remittitur from $10,735.
[**] Defendant's Instruction No. 7.

220

Plaintiff argues that there was an issue of fact as to the agency and that, therefore, the instruction was properly refused. The characterization of plaintiff as a "passenger" in the complaint and the admission in the answer of this status carries with it no implication of nonownership. The categorical statement of plaintiff that she owned the car is not impugned by the son's testimony that his money was used in purchasing the car. Therefore there was no question of the son's agency and defendant was entitled to an instruction to this effect and to the ensuing proposition of law that the action or omission of the agent was the act or omission of the plaintiff. The failure to give this instruction constituted reversible error.

An instruction on the principle of agency and its legal consequence was so important to the fair presentation of this case to the jury that even if the evidence were considered as having raised a question of fact as to the existence of the agency relationship an instruction would, nevertheless, have been required. However, the instruction would have had to include language which permitted the jury first to determine the fact as to whether the agency did or did not exist. The record discloses that such an instruction was considered by the court, but it was not given.

■ Defendant also objected to that portion of plaintiff's Instruction 16 on damages which dealt with future medical treatment. In view of the doctors' testimony, there was evidence in the record to justify the giving of this instruction.

■ At the trial Ronald disclaimed his signature on a statement purportedly given by him at the time of the occurrence and which contradicted some of his testimony. Defendant moved for a new trial on the ground of newly discovered evidence of the genuineness of Ronald's signature. Since this evidence could be used only to impeach Ronald, we believe the trial court properly denied this motion on the authority of

■

Chicago & E. I. R. Co. v. Stewart, 203 Ill 223, 224, 67 NE 830:

It has been often decided by this court that a new trial will never be granted on the ground of newly discovered evidence merely for the purpose of impeaching a witness who testified upon the trial.

Since we are remanding for a new trial, defendant will have full opportunity to present any evidence that is competent, relevant and material.

■ Finally, defendant urges that some nine prejudicial arguments during the trial and in final summation aroused and inflamed the jury. It is admitted by defendant that any one of them was not of itself sufficiently prejudicial to warrant a new trial but that taken as whole the net effect was to deprive defendant of a fair trial. Without detailing those statements which were not properly objected to, and without condoning the partisan zeal of plaintiff's attorney, we believe that the trial court was diligent in its efforts to preserve the safeguards of a fair trial and that it correctly denied defendant's motion for a new trial on this ground.

For error in refusing to give Defendant's Instruction No. 7, we reverse and remand for a new trial.

Reversed and remanded.

ENGLISH, P. J. and McCORMICK, J., concur.