Mary Runowicz, Petitioner, v. Rock Island Bank and Trust Company, Administrator of the Estate of Joseph DePover, Deceased, Respondent.

Gen. No. 67–45.

Third District.

December 20, 1967.

Coyle, Stengel, Gilman & Keefe, of Rock Island, for appellant.

Schroder & Schroder, of Rock Island, for appellee.

ALLOY, J.

This cause is before us on an appeal from an order of the Circuit Court of Rock Island County granting a new trial to respondent, Rock Island Bank and Trust Company, as Administrator of the Estate of Joseph DePover, deceased. This cause originated through the filing of a claim against the Estate of Joseph DePover for services rendered as a housekeeper by Mary Runowicz asserted to have been from October 1957 to the time of decedent's death on June 11, 1965. The trial was held before the court without a jury on December 14, 1966, and as a result of such trial a judgment was entered by the court in favor of Petitioner and as against the Estate for $3,780. This judgment was later corrected by the court to the sum of $3,120. Thereafter, the respondent filed a motion for a new trial setting forth what was described as "newly discovered evidence" as a basis for such new trial. It is from the granting of such motion for new trial that this cause is before us on appeal.

The record discloses, that following the filing of the claim by petitioner, the attorneys for the Estate filed interrogatories requesting names of persons having knowledge of the facts relating to the claim. The name of Dorothy McGrath, who testified at the trial, was not included. There was a showing at the trial that such witness was not known to claimant's attorneys at the time the interrogatories were answered. The trial was originally set for November 30, 1966, but claimant moved for a continuance because of the illness of one of its witnesses, namely, Dorothy McGrath. Claimant's attorneys stated in court in presence of the attorneys for the Estate that this witness, Dorothy McGrath, would testify that she lived next door to the decedent for two years before the death of decedent and that she observed services being performed by the claimant. The continuance was granted and the trial was held on December 14, 1966, as heretofore indicated.

224

Three witnesses testified for the claimant. Joe Fox testified that he had lived three doors from decedent and had known the decedent from 1942. Prior to the death of decedent's wife, both of decedent's legs had been amputated below the knee. While decedent's legs required some attention, he was still able to get around on artificial legs and would drive his car to where claimant lived near the Moline Public Hospital, and each evening when she got out of work at the hospital and on her days off he would pick her up. DePover's wife died in 1957 and decedent never remarried. Witness Fox testified that he had seen claimant doing general housework, washing, scrubbing floors, washing dishes, cleaning, etc. around decedent's house from the late 1950's until the time of decedent's death. He specifically stated that he saw the claimant doing this work about two times a week but that he was never in decedent's house during the evening. Another witness, David Morgan, testified that after the death of decedent's wife, in 1957, he saw the claimant, Mrs. Runowicz performing general services the two or three times a month he visited decedent's house. He specifically testified as to the improved condition of the house when the claimant began working there and that he never observed anyone else doing any of the housework.

Dorothy McGrath, a witness, testified that she lived next door to the decedent and had observed the claimant perform various services for the decedent. She specified the activities which ranged from housework to cleaning and yardwork and cooking. She also testified as to her opinion as to the value of such services in the community being $1.25 to $1.50 an hour. On cross-examination, Dorothy McGrath testified that she had known the decedent for about 2½ years before his death, ever since she had moved next door. When she was questioned by the court as to exactly when she moved next door to decedent, the witness, apparently attempting to recall the specific time, testified that she moved there in June 1963.

In an amended motion for a new trial filed by the Estate following the entry of the judgment in the sum of $3,120, it was contended that newly discovered evidence would show that Dorothy McGrath had in fact moved next door to the decedent in June of 1964 instead of June of 1963 as she had indicated in her testimony. Attached to the motion was an affidavit of an attorney for the Estate stating that he would also introduce two signature cards from the Rock Island Bank and Trust Company (the bank which was administrator of the Estate) and various gas company records and city directories to show when Dorothy McGrath moved. Also attached to the motion was an affidavit of the previous owner of the home now occupied by Dorothy McGrath in which affiant indicated that she did not move until 1964. As a result of such motion, the trial judge granted a new trial. The issue before us is whether the trial judge in such instance abused his discretion in granting a new trial on the basis of "newly discovered evidence."

■ The allowance of the claim by the trial court which resulted in the judgment was based upon the fact that there was no family relationship between claimant and the decedent and that the decedent had accepted and retained the beneficial results of the claimant's services which were rendered at his request where no reason was disclosed for him to suppose that the services were gratuitous. The record in fact implies to the contrary. The law, therefore, implied a liability for the reasonable worth of such services (Floyd v. Estate of Smith, 320 Ill App 171, 50 NE2d 254).

■ The determination of whether or not a new trial should be granted in this cause is governed by the same rules as would apply generally to the granting of a motion for a new trial. In the cause before us the respondent does not contend that the evidence is insufficient to support the judgment, nor is there any claim of procedural error by which a just result was precluded. The

sole ground advanced for a new trial was the existence of the "newly discovered evidence." To justify the granting of a new trial, certain conditions should be met by the moving party. As stated in Powers v. Browning, 2 Ill App2d 479, 119 NE2d 795, at pages 486–487, the general test which is to be applied by the trial court is outlined as follows:

> "As the court said in People v. Dabney, 315 Ill 320: 'Applications for new trial on the ground of newly discovered evidence are not looked upon with favor by courts but such applications are to be subjected to close scrutiny. The burden is on the applicant to rebut the presumption that the verdict is correct and to show that there has been no lack of due diligence. (People v. LeMorte, 289 Ill 11.) The evidence must fulfill the following requirements: First, it must appear to be of such conclusive character that it will probably change the result if a new trial is granted; second, it must have been discovered since the trial; third, it must be such as could not have been discovered before the trial by the exercise of due diligence; fourth, it must be material to the issue; and fifth, it must not be merely cumulative to the evidence offered on the trial . . .' "

As indicated in the outline of conditions which must be shown before a new trial is granted, requests for new trials on the basis of newly discovered evidence are not looked upon with favor by the Illinois courts (Henderson v. Shives, 10 Ill App2d 475, 135 NE2d 186; Bezark v. Kostner Manor, Inc., 29 Ill App2d 106, 172 NE2d 424). The court in Chicago & A. R. Co. v. Raidy, 203 Ill 310, 67 NE 783, at page 317, pointed out specifically:

> "It cannot be the practice of courts to allow important matters to go to trial, and because one party is not satisfied with the results of it, let him go out and try

to get facts which will enable him to do better at another trial, and rely upon such after-ascertained matters as a basis for a new trial. In such case the courts require that the newly discovered evidence shall be material and shall not be cumulative, and that due diligence has been exercised to procure it."

■ While respondent does not dispute the law and the requirements for granting a new trial, it contends that a new trial was justified on the ground that the testimony of Dorothy McGrath was the only foundation for the judgment in this cause. One of the basic requirements for granting of a new trial as a result of a motion founded upon newly discovered evidence, is that the new evidence should relate to the merits of the controversy and be so decisive in character as to be conclusive thereof. In the cause before us, the issue before the court was whether the claimant performed services for the decedent, and, if so, the reasonable value of such services. Whether witness McGrath lived next door to the decedent for one year instead of two years as she had testified would not be material to claimant's right to be compensated. If Dorothy McGrath was the only witness who testified to seeing the services performed, this might make a difference. There were, however, two other witnesses in the instant case who testified for the claimant and the one witness who testified for the Estate failed to rebut the showing of work performed by the claimant. The testimony of Dorothy McGrath as to the value of the services obviously would not be affected by the fact that she lived next door to the claimant for one years or two years.

■ It is apparent also that in order to establish a new trial on the basis of newly discovered evidence, there must be a showing that the newly discovered evidence is not merely evidence seeking to impeach a witness who testified at the trial. It is implicit from the motion and the record in this cause that the primary purpose of the

evidence which was sought to be introduced would be for the purpose of impeaching the testimony of the witness Dorothy McGrath. As stated in Morsovillo v. South Suburban Safeway Lines, 49 Ill App2d 219, 199 NE2d 643, at pages 221–222, where the newly discovered evidence involved evidence purporting to establish the genuineness of a witness's signature, the court stated:

> "Since this evidence could be used only to impeach Ronald, we believe the trial court properly denied this motion on the authority of Chicago & E. I. R. Co. v. Stewart, 203 Ill 223, 224, 67 NE 830:
>
>> " 'It has been often decided by this court that a new trial will never be granted on the ground of newly discovered evidence merely for the purpose of impeaching a witness who testified upon the trial.' "

This principle is also affirmed in Smith v. Carter, 302 Ill App 235, 23 NE2d 738.

■ The only effect, on the basis of the record before us, of such newly discovered evidence (that Dorothy McGrath resided next door to decedent for only one year) in the instant case would be to impeach the testimony of Dorothy McGrath. This is not sufficient ground for a new trial, on the record before us.

On appeal in this court respondent-Estate cites Moyer v. John Hancock Mut. Life Ins. Co., 6 Ill App2d 1, 126 NE2d 157, in support of the action of the trial court in granting the new trial. We note, however, that in the Moyer case, a new trial was refused for the reason that the reviewing court did not agree that newly discovered evidence would have been of a conclusive character or material to the issues (page 7). Respondent also cites Leonard v. Jacobs, 42 Ill App2d 261, 192 NE2d 304. In that case a new trial was also denied by the court on review for the reason that (pages 265–266):

"Applying the basic requirements as outlined in the Henderson v. Shives case to this case, assuming that the petitioner has been diligent and that the evidence could not have been discovered before the trial, the two questions that must be answered are, (1), is the evidence of such character that it will probably change the result if a new trial is granted?; (2), is the evidence merely cumulative? Giving every consideration and full weight to the pictures and the evidence of the private investigator, it is the opinion of this court that the answer to the first question is 'No' and to the second question is 'Yes.' "

The newly discovered evidence in the Leonard v. Jacobs case consisted of about 45 minutes of film showing the plaintiff walking around and moving after the trial in a manner in which he had earlier testified he could not move.

■■ The burden of showing the basic requirements for a new trial, where the motion is premised on newly discovered evidence, is on the party seeking the new trial. As stated by the court in Henderson v. Shives, 10 Ill App 2d 475, 135 NE2d 186, at 486:

"The burden is on the applicant to rebut the presumption that the verdict is correct and to show that there has been no lack of due diligence."

In the case before us, the Estate clearly failed to sustain this burden. The testimony of the witnesses Fox and Morgan, coupled with testimony as to the value of services by witness McGrath, even if the testimony of witness McGrath was restricted to a one-year period, would have been sufficient to sustain the judgment. On the basis of the record before us, the motion was not legally sufficient to justify the granting of the new trial and the order granting such new trial was, therefore, improper and should be set aside.

The order of the Circuit Court of Rock Island County granting the new trial is, therefore, reversed and this cause is remanded to the Circuit Court of Rock Island County with directions that the judgment in the sum of $3,120 and costs in favor of petitioner and as against respondent be reinstated.

Reversed and remanded with directions.

STOUDER, P. J. and HOFFMAN, J., concur.