**Francisco V. Quagliano, Plaintiff-Appellant, v. Oliver D. Johnson, Defendant-Appellee.**

Gen. No. 68–2.

Third Judicial District.

October 23, 1968.

William E. Stewart, of Kewanee, for appellant.

Andrews & Andrews, of Kewanee, for appellee.

CULBERTSON, J.

Plaintiff, Francisco V. Quagliano, brought this suit against Oliver D. Johnson, defendant, charging him with having alienated the affections of plaintiff's wife. A jury returned a verdict for defendant and plaintiff has prosecuted this appeal. He contends that the verdict was against the manifest weight of the evidence; that newly discovered evidence that a material witness testified falsely entitled him to a new trial; and that the trial

court erred in regard to instructions and in certain of its rulings on evidence.

 We see no beneficial purpose in setting forth the evidence upon which the jury acted, inasmuch as the record discloses that plaintiff is precluded from raising the question whether the verdict was against the manifest weight of the evidence. In a case of this character, a plaintiff has the burden of proving three propositions. First, that he had the care and affection of his wife; second, that overt acts, conduct or enticement on the part of defendant caused those affections to depart; and third, that actual damage was sustained by the plaintiff as a result of the alienation. (Roe v. Roe, 315 Ill 120, 122, 145 NE 804; Farrier v. Farrier, 46 Ill App2d 471, 474, 197 NE2d 163.) Here, at the conclusion of the evidence, plaintiff submitted each of these propositions to the jury by special interrogatories and, in each instance, the answers were favorable to defendant and manifested findings by the jury that plaintiff had not sustained his burden of proof as to any of the propositions. Despite these unfavorable findings, plaintiff made no motion to set them aside, did not object to them as being against the manifest weight of the evidence, and did not in any manner attack them in his motion for a new trial. These omissions are necessarily fatal to his contention that the verdict is against the manifest weight of the evidence. Courts of review in this jurisdiction have frequently held: (a) that a party is conclusively bound by an answer to a special interrogatory on a material issue unless he moves to set it aside, or attacks it in his motion for new trial, and (b) that a general objection that the verdict is contrary to the manifest weight of the evidence is not sufficient to preserve for review questions going to the propriety of a special finding. (Brimie v. Belden Mfg. Co., 287 Ill 11, 122 NE2d 75; Taake v. Eichhorst, 344 Ill 508, 176 NE 765; Biggerstaff v. New York, C. & St. L. R. Co., 13 Ill App2d 85, 141 NE2d 77;

Westlund v. Kewanee Public Service Co., 11 Ill App2d 10, 136 NE2d 263; Rubottom v. Crane Co., 302 Ill App 58, 23 NE2d 354.) Absent some objection or challenge in the court below, we must consider the special findings to have been fully supported by the evidence. (Freeman v. Chicago Transit Authority, 50 Ill App2d 125, 136, 200 NE2d 128; Forslund v. Chicago Transit Authority, 9 Ill App2d 290, 294–295, 132 NE2d 801; Voigt v. Anglo-American Provision Co., 104 Ill App 423, affd 202 Ill 462, 66 NE 1054.) Since this is so and since the answers to the interrogatories are conclusive of the issues in the case, the question of whether or not the verdict was against the manifest weight of the evidence is not before us.

Plaintiff's wife testified at the trial that she had, at times during 1963 and 1965, consulted with three different attorneys about getting a divorce. Subsequently, in connection with his post-trial motion, plaintiff produced affidavits of two of the attorneys averring that she had not consulted them about a divorce, whereupon defendant countered with an affidavit of the third attorney reflecting his belief that he had been consulted in 1965 as the wife had testified. Plaintiff now urges that the wife gave false testimony and that the trial court erred in not allowing a new trial in light of the newly discovered evidence of her false statements. And while not spelled out, we take plaintiff's position to be that the purported false testimony had bearing on the issue of whether he had the affections of his wife when her close association with defendant commenced.

 It is indeed the law that newly discovered evidence that a material witness testified falsely on the trial may alone be sufficient to warrant a new trial, and it likewise has frequently been stated that courts should not hesitate to grant a new trial on account of newly discovered evidence, where it is apparent or likely that it might change the result upon a retrial. (People v. Cotell, 298 Ill 207, 214–217, 131 NE 659; Swiney v. Miller, 253

Ill App 81, 88.) On the other hand, it has been held that newly discovered evidence which serves merely to impeach or discredit a witness does not constitute a ground for a new trial, particularly where it is cumulative and not conclusive on any point material to the issue of the case. (People ex rel. Partello v. McCullough, 210 Ill 488, 518, 71 NE 602; Chicago & E. I. R. Co. v. Stewart, 203 Ill 223, 224, 67 NE 830; Morsovillo v. South Suburban Safeway Lines, Inc., 49 Ill App2d 219, 221–222, 199 NE2d 643.) Testing the record here by these principles, we believe the trial court properly refused to grant a new trial. The testimony of the two attorneys at best could only be used to partially impeach and discredit the wife. Most certainly it would not be conclusive on the issue of whether plaintiff had lost his wife's affection, and in our opinion any denial on their part that the wife had consulted them about a divorce in 1963 and 1965 would not materially alter the outcome upon a retrial. Quite apart from the circumstance that the affidavit of the third attorney makes it appear the wife testified truthfully that she had discussed divorce in 1965, there was, even without considering the matter of a contemplated divorce, other evidence in abundance from which the jury could reasonably have concluded that the affections of the wife had been alienated by plaintiff's own conduct long before April, 1966, when her close association with defendant is alleged to have commenced.

 Plaintiff called his wife as a witness and he contends that the trial court erred in refusing to permit her to be cross-examined as a hostile witness, relying upon Rule 238 of the Illinois Supreme Court Rules of Practice which provides in pertinent part: "If the court determines that a witness is hostile or unwilling, he may be examined by the party calling him as if under cross-examination. . . ." (Ill Rev Stats 1967, c 110A, par 238.) We do not find, however, that the trial court abused its discretion in this matter. So far as the record has been brought to our attention, it shows that the wit-

ness answered all questions put to her willingly and without hostility. The mere fact that the wife may have been unsympathetic to the plaintiff's case is not, ipso facto, as plaintiff seems to believe, sufficient to invoke the provisions of Rule 238. Necessarily, it can apply only to those witnesses who, while on the witness stand, prove themselves to be hostile or uncooperative or unwilling. Otherwise, the discretion to determine hostility would rest with counsel rather than the court.

 When plaintiff's wife was being cross-examined, she was permitted, over plaintiff's objections, to testify as to acts of cruelty committed against her in 1963 and to relate that her husband had charged her with adulterous conduct in both 1961 and 1963. It is now urged that such evidence was irrelevant due both to substance and remoteness of time, and that the trial court erred in overruling the objections thereto. We do not agree. Evidence that a plaintiff's own conduct alienated the affections of his wife has long been recognized as relevant in cases of this nature (see: Sackheim v. Miller, 136 Ill App 132; Diesel v. Diesel, 202 Ill App 554; 19 ALR2d 493) and, so far as the claim of remoteness is concerned, all of the evidence, including testimony of the plaintiff himself, shows a steady deterioration in the relationship between plaintiff and his wife from 1963 onward to the time of the alleged conduct of defendant which forms the basis of this suit. We are constrained to remark, too, it appears that the cross-examination complained of was elicited by, and was within the scope of, plaintiff's direct examination of the witness.

 For his final contention, plaintiff asserts that Defendant's Instructions Nos. 2, 4, 5 and 6 were redundant in light of Plaintiff's Instruction No. 9, and that Defendant's Instruction No. 3 was a statement of inapplicable law. None of these instructions have been set forth in plaintiff's brief, nor have we been given a description of their content sufficient to permit us to make

450

an intelligent determination of the contentions made. In such a situation, a court of review will not search the record to find whether any error has been committed in the giving or refusal of instructions. (Petersen v. City of Gibson, 322 Ill App 97, 104, 54 NE2d 79; Jones v. Keilbach, 309 Ill App 233, 237–238, 32 NE2d 985; Darling v. Charleston Community Memorial Hospital, 50 Ill App 2d 253, 200 NE2d 149.)

In our opinion the trial was free from reversible error and, accordingly, the judgment for defendant is affirmed.

Judgment affirmed.

ALLOY, P. J. and STOUDER, J., concur.