ANTHONY PAULY, Plaintiff-Appellant, *v.* LARRY A. WERRIES, Director of the Department of Agriculture of the State of Illinois, Defendant-Appellee.

Fourth District   No. 4—83—0576

Opinion filed March 5, 1984.

E. Frederick C. Gain, of Springfield, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Kathleen M. Lien, Assistant Attorney General, of counsel), for appellee.

PRESIDING JUSTICE MILLS delivered the opinion of the court:
A foal named "Maid A. Mary."
Registration refused.
We affirm.

Pauly applied to the Illinois Department of Agriculture for registration of a 1982 standardbred foal named "Maid A. Mary" as an Illinois conceived and foaled horse pursuant to section 31(j)(2) of the Illinois Horse Racing Act of 1975 (Ill. Rev. Stat. 1981, ch. 8, par. 37—31(j)(2)). Registration was denied, based on the fact that the horse was not inspected prior to being removed from Illinois as required by Department rules.

Following an administrative hearing at which Pauly admitted that the foal was not inspected before being removed from Illinois, he sought a writ of *mandamus* requiring the registration of the horse. The petition was dismissed below and on appeal Pauly argues that the rule under which the Department refused to register the horse is invalid.

Pauly raises several points which he feels render the administrative rule invalid. We find no merit to any of his arguments.

■ I. The first point raised is that the rule exceeds its statutory enabling authority, bears no relationship to the purpose of its enabling statute, and is arbitrary and void as an executive preemption of legislative prerogative. The rule in question was enacted pursuant to section 31 of the Illinois Horse Racing Act of 1975 (Ill. Rev. Stat. 1981, ch. 8, par. 37—31) which provides that the Department of Agriculture shall—by rule—provide for the registration of Illinois conceived and foaled horses. Under the auspices of this act, the Department of Agriculture enacted a series of rules under which this program was to be administered. Since the statute clearly grants the power to the Department to establish rules under which the program is to be administered, Pauly cannot be heard to argue that the enactment of such rules somehow violates the legislative mandate. Similarly, the rule, when examined on its face, bears a clear relationship to the purpose of the enabling statute, and was required by statute, which effectively counters the argument that it preempts the legislative prerogative.

■ II. The second point raised is that an administrative rule which permits a governmental official to avoid his responsibility under

the respective enabling act is void. The cases cited by Pauly involve instances where an administrative agency rule was in direct conflict with a statute. Here, it is palpably clear that the statute and the rule are not in conflict. Pauly goes on to argue that the statute here requires the Director of the Department of Agriculture to register and certify horses. Such an argument misconceives the clear language of the statute which requires the Director only to establish a program under which Illinois standardbred horses may be registered. There is no requirement that all horses foaled in Illinois are to be registered. Rather, the owners must follow the rules as established by the Director in order to accomplish registration. In light of the clear language of the Act, it is the responsibility of the registrant to follow the procedures established by the Department. Failure to do so places the responsibility on the Department to refuse to register the horse.

III. The third point urged is that an administrative rule which does not further the purpose of the statute is void. However, Pauly has failed to support this argument with any citation to authority and as such we deem the argument waived pursuant to Supreme Court Rule 341(e) (87 Ill. 2d R. 341(e)).

IV. The final argument is that an administrative rule which requires inspection prior to a horse leaving a State, but provides no specific inspection procedures, violates the due process clauses of the United States and Illinois constitutions. The legal principles regarding this issue are well established. Since we have previously found in this opinion that the rules promulgated by the Department of Agriculture are within the express provisions of the statute under which the rules were propounded, we may only set them aside if we find them clearly arbitrary, unreasonable, or capricious. (See *Aurora East Public School District No. 131 v. Cronin* (1981), 92 Ill. App. 3d 1010, 415 N.E.2d 1372.) We note at the outset that administrative rules are clothed with the same presumption of validity as are statutes. And the burden is upon those contesting the rules to show that they are arbitrary or capricious. Moreover, we must bear in mind that these rules are relatively new and are apparently being challenged and tested for the first time. Therefore, our evaluation of them requires us to examine them purely on their face, standing alone. Upon such an examination, we find that the rule promulgated by the Department of Agriculture furthers the ends of the statute granting the powers to the body which enacted it. The rules set forth standards and procedures in crystal clear language and the procedures were simply not followed in this instance by Pauly.

Pauly's objections to the potential for mismanagement or arbi-

trary enforcement by the Department are better referred to the Department itself or to the legislature. We do not find that the rule itself is susceptible to any attack on its validity.

Under these circumstances, the trial court was correct in refusing to issue a writ of *mandamus* requiring the Director of Agriculture to register "Maid A. Mary" as an Illinois conceived and foaled horse.

Affirmed.

TRAPP and GREEN, JJ., concur.