JACQUELINE MORRIS, as Guardian of the Estate of Eugene Bloomingdale, Plaintiff-Appellee, v. DWIGHT H. DOSS, Defendant-Appellant.

Fourth District   No. 4—87—0285

Opinion filed December 17, 1987.

GREEN, P.J., specially concurring.

Michael I. Campbell and Jeff Justice, both of Hull, Campbell & Robinson, of Decatur, for appellant.

Mark E. Ferguson, of Harlan Heller, Ltd., of Mattoon, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

Plaintiff, the guardian of the estate of Eugene Bloomingdale, brought an action in the circuit court of Macon County against defendant Dwight H. Doss, Bloomingdale's attorney, alleging breach of fiduciary duties and negligence in Doss' purchase of property from Bloomingdale. A jury trial was held. A summary of the evidence adduced at trial, with which the parties are well acquainted, is set forth in this court's opinion in *National Bank v. Doss* (1986), 141 Ill. App. 3d 1065, 491 N.E.2d 106, and need not be repeated herein. The case went to the jury on the issues of negligence and breach of fiduciary duties. The jury returned a verdict, finding for the plaintiff on all issues. The jury awarded $500,000 compensatory and $6 million punitive damages. After the trial Doss filed a motion for a new trial based upon newly discovered evidence. A hearing was held and the motion was denied.

Thereafter, Doss appealed the verdict to this court. On March 19, 1986, we rendered our opinion in *Doss*, holding, *inter alia*, that Doss

was not entitled to a new trial based upon newly discovered evidence. Additionally, we reduced the punitive damage award to $2 million. *Doss*, 141 Ill. App. 3d 1065, 491 N.E.2d 106.

On September 24, 1986, Doss filed a motion for relief from judgment pursuant to section 2—1401 of the Code of Civil Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). On December 26, 1986, the plaintiff filed a motion to dismiss the motion for relief from judgment. On March 31, 1986, a hearing was held on the motions and the cause was taken under advisement. On April 6, 1987, the trial court entered its ruling, as reflected by the following docket entry:

> "Court after having considered the arguments of counsel and reviewed the supporting documents, finds as a matter of law that the defendant has failed to exercise due diligence in regard to the discovery of the evidence, that the evidence is cumulative, that the evidence would not have altered the result of the trial, and that the newly discovered evidence produced by virtue of the affidavit of Shirley Durbin is impeached by virtue of her discovery deposition taken March 4, 1985. Defendant's motion for new trial is denied."

Doss now appeals from the denial of his motion for relief from judgment.

■■ ■ Doss contends on appeal that the trial court erred in denying his motion for relief from judgment. Initially, we point out that Doss' argument is void of citation to any legal authority as support for his position. Supreme Court Rule 341(e)(7) (107 Ill. 2d R. 341(e)(7)) provides in part:

> "The appellant's brief shall contain [an]
>
>            * * *
>
> [a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on."

As the Committee Comments indicate and as courts have held, this provision is an application of the general principle that the court will not research and argue a case for an appellant. (Ill. Ann. Stat., ch. 110A, par. 341(e)(7), Committee Comments, at 476 (Smith-Hurd 1985); *Consultants & Administrators, Inc. v. Department of Insurance* (1982), 103 Ill. App. 3d 920, 431 N.E.2d 1306, *cert. denied* (1982), 459 U.S. 910, 74 L. Ed. 2d 172, 103 S. Ct. 216.) Indeed, our supreme court has stated, "[i]t is the duty of attorneys practicing in this court to present to the court the authorities supporting their views and to assist the court in reaching a correct conclusion." (*Kelley v. Kelley* (1925), 317 Ill. 104, 107, 147 N.E. 659, 660.) Courts have therefore

construed Supreme Court Rule 341(e)(7) (107 Ill. 2d R. 341(e)(7)) as requiring an appellant to not only offer argument on the issue appealed, but also to support that argument with some citation of authority. (*Wilson v. Continental Body Corp.* (1981), 93 Ill. App. 3d 966, 418 N.E.2d 56.) Consequently, courts, applying the waiver doctrine, have rejected an argument where there is a failure to cite authorities in connection with that argument. (See, *e.g.*, *Flynn v. Vancil* (1968), 41 Ill. 2d 236, 242 N.E.2d 237; *Nicholl v. Scaletta* (1982), 104 Ill. App. 3d 642, 432 N.E.2d 1267; *Pauly v. Werries* (1984), 122 Ill. App. 3d 263, 461 N.E.2d 54.) We note, however, that the provisions of Supreme Court Rule 341 (107 Ill. 2d R. 341) are admonitory and not mandatory (see *Anderson v. Smith* (1980), 91 Ill. App. 3d 938, 415 N.E.2d 643), and while the inadequacy of Doss' presentation justifies waiver of the issue presented, we elect to consider the merits.

Defendant's motion pursuant to section 2—1401 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) sought relief based upon alleged "newly discovered evidence which warrants the granting of a new trial on all issues." Defendant submitted the affidavit of Shirley Durbin in support of the motion.

■■■ Motions pursuant to section 2—1401 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) are addressed to the sound discretion of the trial court and will not be reversed absent an abuse of discretion. (*Doss*, 141 Ill. App. 3d 1065, 491 N.E.2d 106.) The basic requirements for a new trial on the basis of newly discovered evidence are that the newly discovered evidence be (1) of such conclusive character that it will probably change the result if a new trial is granted, (2) discovered since the trial, (3) such that it could not have been discovered before trial with the exercise of due diligence, (4) material to the issue, and (5) not merely cumulative to the evidence at trial. (*Doss*, 141 Ill. App. 3d at 1071, 491 N.E.2d at 110; *Tuttle v. Fruehauf Division of Fruehauf Corp.* (1984), 122 Ill. App. 3d 835, 462 N.E.2d 645.) The party seeking the new trial has the burden of showing that these requirements have been met. See *Runowicz v. Rock Island Bank & Trust Co.* (1967), 90 Ill. App. 2d 222, 232 N.E.2d 459.

■■ Upon review, we agree with the trial court's findings and conclude that Doss failed to sustain his burden of showing that the aforementioned requirements were met. The record indicates that Doss failed to exercise due diligence in the discovery of the evidence relating to Shirley Durbin. The December 3, 1981, depositions of Jacqueline Morris and Carl Canull both disclosed the existence of Shirley Durbin prior to the time of trial. In addition, Doss' attorney took the discovery deposition of Shirley Durbin on March 4, 1985. Although

the taking of Durbin's deposition was subsequent to the trial, it was prior to Doss' first motion for a new trial based upon newly discovered evidence. As pointed out by the plaintiff, Doss made no mention of any newly discovered evidence relating to Durbin at the hearing on that motion for a new trial.

Further, we are unpersuaded by defendant's contention that the element of due diligence was satisfied because Durbin's memory was not refreshed until September 24, 1986. The trial court determined that the statements in Durbin's affidavit could be impeached by her March 4, 1985, discovery deposition. This demonstrates that the trial court seriously questioned Durbin's credibility and the veracity of the statements in her affidavit.

■ Finally, we cannot dispute the trial court's findings that the evidence was cumulative and would not have altered the result of the trial. A review of Doss' contentions in this regard requires an examination of the report of proceedings of the trial in this cause. Doss has failed to submit the trial transcripts or a substitute as provided in Supreme Court Rule 323 (107 Ill. 2d R. 323). It is the appellant's duty to present a complete record on appeal so that the reviewing court is fully informed regarding the issues to be resolved. (*Village of Lakemoor v. First Bank* (1985), 136 Ill. App. 3d 35, 482 N.E.2d 1014.) Absent an adequate record on appeal, it is presumed that the trial court's judgment conforms to the law and has a sufficient factual basis. (*Davis v. Allstate Insurance Co.* (1986), 147 Ill. App. 3d 581, 498 N.E.2d 246.) Thus, we cannot say that the trial court abused its discretion in denying defendant's motion for relief from judgment.

Accordingly, the judgment of the circuit court of Macon County is affirmed.

Affirmed.

McCULLOUGH, J., concurs.

PRESIDING JUSTICE GREEN, specially concurring:
I concur in the decision of the majority to affirm.

I am concerned with an application, in certain special circumstances, of the waiver rule described by the majority in connection with argument in the brief of an appellant not supported by cited authority. Full-blown application of that rule might permit us or another court of review to avoid deciding a difficult issue in a case where an appellant wishes to establish precedent not supported by authority. Under such circumstances, an appellant should be permitted to state

that after a thorough search, no authority can be found and then proceed with the argument.

The majority opinion does not expressly deal with a situation as described in the previous paragraph but I would not interpret the *dictum* by the majority, concerning the waiver rule, to preclude the foregoing as a commonsense exception to the permissible application of waiver. Nothing stated in the cited cases would negate the existence of such an exception.

If the waiver rule stated by the majority is tacitly subject to the commonsense exception I have described, I am in agreement with all that is stated in the majority opinion.