Charles S. Handelman and Henry Goldberg, d/b/a Garden City Properties, Petitioners-Appellants, v. Arnold A. Schwartz, Respondent-Appellee.

Gen. No. 47,334.

First District, Third Division.

April 9, 1958.

Released for publication May 9, 1958.

Herman L. Aaron, of Chicago, for petitioners.

Collen, Kessler & Kadison, of Chicago (Mark A. Greenhouse, of counsel) for respondent-appellee.

PRESIDING JUSTICE BURKE delivered the opinion of the court.

Charles S. Handelman and Henry Goldberg brought an action against Arnold A. Schwartz to recover damages of $5,500.00 for conversion of certain chattels. The defendant filed a counterclaim for $1,043.93. The jury returned a verdict in favor of plaintiffs on the statement of claim and on the counterclaim and assessed damages of the plaintiffs at the sum of $4,5000.00. The court denied plaintiff's motion to correct the verdict to read "$4,500.00" instead of "$4,5000.00." The plaintiffs also filed a remittitur of $40,500.00 from the verdict in the amount of $45,000.00. The court declined to recognize the remittitur. The court granted defendant's motion for a new trial on the ground that the damages assessed by the jury were manifestly excessive and could not have been based upon the evidence. The plaintiffs' petition for leave to appeal from the order granting the new trial was allowed.

■■■■ The verdict contained an obvious unintentional error. An extra zero was inserted inadvertently. Following the figure "4" appeared a comma, indicating an intention to write "$4,500.00." The suit was for $5,500.00. All the testimony on the value of the equipment was that it was worth $5,500.00. The defendant counterclaimed for $1,043.93. Verdicts are to be construed liberally and reasonably with a view to effectuating the intention of the jury if possible. A verdict may be amended by the court or construed by reference to the pleadings and the evidence in the record when the intention of the jury is apparent from the pleadings and the evidence. See Western Springs Park District v. Lawrence, 343 Ill. 302; Chapin v. Foege, 296 Ill. App. 96; Law v. Sanitary Dist., 197 Ill. 523.

It was the duty of the court to amend the verdict in accordance with the manifest intent of the jury to award the plaintiffs' damages in the amount of $4,500.00. Therefore the order granting a new trial is reversed and the cause is remanded with directions to proceed in a manner not inconsistent with the views expressed.

Order reversed and caused remanded with directions.

FRIEND and BRYANT, JJ., concur.