GERALD ANDERSON, Plaintiff-Appellee, *v.* DONALD G. SMITH, Defendant-Appellant.—(JOSEPH COLUCCI, d/b/a Colucci's Pizza, Defendant.)

First District (2nd Division)    No. 79-2126

Opinion filed December 22, 1980.

John C. Kiely, of Chicago (Eugene F. McMahon and Philip J. McGuire, of counsel), for appellant.

James E. Land, Ltd., of Calumet City, for appellee.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

This appeal proceeds from a jury verdict and judgment entered thereon in a personal injury action in which plaintiff Gerald Anderson brought suit for injuries he sustained as a result of a collision between his

station wagon and defendant Donald G. Smith's pickup truck in front of defendant Joseph Colucci's restaurant, near the intersection of Burnham Avenue and 196th Street in southern Cook County. In counts I and II of his complaint, Anderson charged Smith and Colucci with negligence, and in count III thereof, he charged Smith alone with wilful and wanton misconduct. The jury found Smith guilty of negligence[1] and assessed damages at $13,000; however, it answered in the affirmative a special interrogatory finding Anderson guilty of contributory negligence. On the verdict form with respect to the wilful and wanton count, the jury found in favor of Anderson but assessed his damages at "$ 0." and awarded him "$ 0." damages. The jury answered two additional special interrogatories: on one, it found Anderson not guilty of contributory wilful and wanton misconduct; on the other, it found Smith guilty of wilful and wanton misconduct.

The trial court entered judgment for Smith and Colucci on the negligence counts and entered a finding of plaintiff's damages in the amount of $13,000 on the wilful and wanton count in substitution for the jury's assessment of "$ 0." damages. Smith brings this appeal from the jury's answer to the special interrogatory finding him guilty of wilful and wanton misconduct and the judgment entered thereon, and from the order denying his post-trial motion. He seeks reversal and entry of judgment here in his favor or, in the alternative, reversal and remandment of the cause for a new trial. For the reasons set forth below, we reverse and remand for a new trial.

Only those facts essential to an understanding of the case and disposition of the appeal need be set forth. On December 10, 1977, at about 7:30 p.m., Anderson, his wife and their son, who had been patrons at Colucci's restaurant at the southwest corner of the intersection, were in their automobile turning northward from the restaurant's only driveway onto Burnham. Although not then showing, the remains of previous heavy snows were concentrated in large piles along both sides of Burnham, particularly at the northwest and southwest corners of 196th Street. The latter street formed a "T" intersection with Burnham, extending westward from the west side of Burnham. Both streets were two-lane roadways, each about 15 feet in width. The driving surfaces on each street were icy and their widths were narrowed by virtue of the snow piled alongside. There were no street lights; however, the lighting in Colucci's parking lot radiated across the roadway. Every witness but Smith agreed that driving conditions were hazardous.

As Anderson proceeded into his northbound turn and approximately all but one-eighth of his vehicle had traversed the southbound traffic lane, it was struck at the center of its left side by the left front of Smith's

---

[1] Defendant Colucci was found not guilty, from which no cross-appeal is taken.

southbound vehicle traveling at speeds estimated at from 50 to 60 miles per hour. Smith had just passed two other southbound vehicles within two blocks of the accident site; had been moving back into the southbound lane from the northbound lane; and had struck the snowbanks at the northwest and southwest corners of the intersection immediately prior to striking Anderson's car. Twelve witnesses testified at the trial and the parties submitted 31 exhibits for the jury's consideration. The verdicts, judgment and order were thereafter entered as described earlier in the opinion.

■■ A threshold consideration in this appeal is a deficiency in Anderson's brief. In his appellee's response to Smith's argument he merely states: "As to defendant's first argument, it is perfectly clear that the jury found the defendant, Smith, to have been guilty of wilful and wanton misconduct. It is further evident that the jury intended the plaintiff recover $13,000 in damages and that they simply used the inappropriate verdict form and the court so reflected the jury's intent in correcting the same." There is no further discussion, argument or citation of authority in support thereof. Bare contentions such as these may be deemed waived under Supreme Court Rule 341(e)(7), (g) (Ill. Rev. Stat. 1979, ch. 110A, pars. 341(e)(7), (g)). (See, *e.g.*, *Brinkman & Company-Midwest v. National Sponge Cushion Co.* (1979), 76 Ill. App. 3d 683, 694, 394 N.E.2d 1221.) Because Rule 341 states an admonition to the parties and is not a limitation upon our jurisdiction, we may, in the exercise of our responsibility for a just result, ignore considerations of waiver and decide a case on grounds even though they are not properly argued by a party. (*Hux v. Raben* (1967), 38 Ill. 2d 223, 224-25, 230 N.E.2d 831; *Occidental Chemical Co. v. Agri Profit Systems, Inc.* (1975), 37 Ill. App. 3d 599, 603, 346 N.E.2d 482.) We therefore consider the following point raised on its merits irrespective of Anderson's disregard of the rule.

Smith contends that the trial court erred by transferring the damage figure entered by the jury in the negligence count, and applying it to the wilful and wanton misconduct count, in which the jury awarded "$ 0." damages. Anderson relies upon the general rule of law that a court may correct a manifestly irregular or defective verdict so that it will conform to the intention of the jury where that intention is clear.

A jury verdict under challenge must be examined toward the end of ascertaining the jury's intention in returning the verdict. If the verdict is supported by the pleadings and evidence, it must be liberally construed and may be molded into form and made to serve, unless it is unclear or there is doubt as to its meaning. (*Manders v. Pulice* (1970), 44 Ill 2d 511, 517, 256 N.E.2d 330; *Churchill v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 127, 148, 383 N.E.2d 929; *Western Springs Park District v. Lawrence* (1931), 343 Ill. 302, 310-11, 175 N.E. 579.) An amendment is

permissible, however, only when the defect is one of form, rather than substance. (*Cokinis v. Maywood-Proviso State Bank* (1980), 81 Ill. App. 3d 1057, 1066, 401 N.E.2d 1077; *Goldbeck v. Cieslik* (1955), 5 Ill. App. 2d 529, 534, 126 N.E.2d 417.) A trial court should not amend a verdict in order to reach a determination that the court believes the jury ought to have made; an amendment must reflect only what the jury clearly intended the verdict to be. *Roadruck v. Schultz* (1948), 333 Ill. App. 476, 77 N.E.2d 874.

The jury's verdict on the wilful and wanton count of Anderson's complaint was a finding for Anderson and against Smith. The trial court apparently perceived the jury's intent as an award to Anderson of $13,000, irrespective of whether it came as compensatory or exemplary damages, although the court entered judgment for Smith on the negligence count in light of the jury's special finding that Anderson was guilty of contributory negligence. We cannot concur. The jury's intent does not so clearly emerge as to warrant the imposition of $13,000 upon the wilful and wanton count in which the jury awarded "$ 0." damages. This is not a case in which the jury simply left the verdict form blank. Under similar circumstances in *Manders v. Pulice*, the supreme court had under consideration a verdict for the plaintiff by a jury of $6,000 in damages for her personal injuries, but awarded "0" damages to her husband for loss of consortium. In ordering a new trial, the court refused to speculate as to whether the plaintiff-wife's pecuniary losses were to be recompensed alone by the verdict, whether the award was intended to include damages for the plaintiff-husband in reimbursement of expenses and loss of services, or whether the jury simply intended to disregard its instructions and enter inconsistent verdicts. We also decline to speculate in the instant premises.

To the same effect is *Boone v. Richardson* (Mo. App. 1965), 388 S.W.2d 68, 76-77, which held that a verdict of "0" damages was equivocal, uncertain, contradictory and could not "* * * be fairly resolved into a definite finding for either party and therefore * * * will not support the entry of judgment," reversing and remanding the cause for a new trial upon all issues. The appellate court in *Chapin v. Foege* (1938), 296 Ill. App. 96, 15 N.E.2d 943, construed a jury verdict finding one of the defendants in that case guilty, but assessing the plaintiff's damages in the sum of "no" dollars and finding the plaintiff cross-defendant guilty and assessing the cross-plaintiff's damages in the sum of "no" dollars as requiring a result of no damages awardable to either side. The basis of that result was the court's interpretation of the verdict that the jury believed the plaintiff had been contributorily negligent. Such a result would be inappropriate here because the jury specifically found in the special interrogatory that Anderson was not guilty of contributory wilful

and wanton misconduct and that Smith was guilty of such conduct. Under the circumstances here presented, the verdict is sufficiently ambiguous as to preclude any conclusion with regard to the jury's intent.

Plaintiff's reliance upon *Martin v. McIntosh* (1976), 37 Ill. App. 3d 526, 346 N.E.2d 450, and *Handleman v. Schwartz* (1958), 17 Ill. App. 2d 101, 149 N.E.2d 418, is misplaced. In *Martin*, the appellate court upheld the trial court's amendment of a general jury verdict in the amount of $1,800 although the plaintiff there was seeking $800 in actual damages and $1,000 in punitive damages. The appellate court construed the executed jury verdict form as not expressly limiting relief granted to *actual* damages, particularly since the jury had left blank the verdict form provided for awarding punitive damages. Here, the jury explicitly filled in the damage amount on the punitive damage verdict form and set those damages at "$ 0." In *Handleman*, the court was faced with a verdict of "$4,5000.00" which it deemed to be an "obvious, unintentional error" since the lawsuit sought only $5,500 in damages and the evidence supported that claim. The amendment to the verdict, striking the extra zero and reducing the verdict to "$4,500.00," was upheld.

■■ The jury's verdicts in the present case cannot be cast in such reasonable form as would mold them in order to fulfill the jury's intention because that intention is unclear. We are unable to say from the evidence and pleadings that the jury either intended plaintiff to enjoy no damages by virtue of finding him guilty of contributory negligence on the negligence count and "$ 0." damages on the wilful and wanton count, or intended that Anderson be awarded $13,000 collectively since here, as in *McIntosh*, the verdict form upon which the $13,000 was awarded did not expressly limit relief to *actual* damages but simply assessed the "* * * plaintiff's damages in the sum of $13,000." We are compelled, therefore, to reverse the cause for retrial in its entirety.

■■ Smith urges there is no need to retry the case because Anderson failed to prove the necessary intent to injure or reckless disregard for the safety of others in order to support the charge of wilful and wanton misconduct and seeks outright reversal with judgment to be entered in his favor. Relying upon *Spring v. Toledo, Peoria & Western R.R.* (1977), 69 Ill. 2d 290, 371 N.E.2d 621, which relied upon *Bartolucci v. Falleti* (1943), 382 Ill. 168, 46 N.E.2d 980, Smith maintains that the record is devoid of any evidence to show the requisite " '* * * intentional disregard of a known duty necessary to the safety of the person or property of another, and * * * a conscious indifference to consequences, * * *.' " (382 Ill. 168, 174.) We disagree. Evidence presented to the jury supporting its finding of wilful and wanton misconduct included the following: Smith's southbound vehicle was as much as 200 to 300 feet north of Anderson's vehicle as the latter was emerging from the parking lot; Smith's vehicle was

traveling at from 50 to 60 miles per hour despite conditions which all but Smith agreed were hazardous; Smith passed two southbound vehicles on the narrowed roadway and almost struck a northbound vehicle, cutting off the lead southbound vehicle in order to return to the southbound traffic lane and forced that southbound vehicle to strike a snowbank; Smith's truck itself struck two snowbanks prior to bouncing off the last one and into the center of Anderson's car which was almost completely out of the southbound traffic lane at the time of the impact. Although some countervailing evidence was introduced by Smith, the evidence detailed above was sufficient to present a typical question of fact for the jury to assess and decide. *Schneiderman v. Interstate Transit Lines, Inc.* (1946), 394 Ill. 569, 581-83, 69 N.E.2d 293; *Madigan v. Browning Ferris Industries* (1978), 61 Ill. App. 3d 842, 846-47, 378 N.E.2d 568; *Dumpert v. Liechty* (1969), 114 Ill. App. 2d 59, 66, 251 N.E.2d 652.

In view of our disposition of this case, Smith's arguments relative to the admission of prejudicial evidence need not be considered. No precedential value may be inferred from a discussion of those points, and it is unlikely that the matters complained of will be repeated on the retrial of the case.

For the foregoing reasons judgment of the trial court is reversed, and the cause is remanded for a new trial on all issues.

Reversed and remanded.

PERLIN, P. J., and DOWNING, J., concur.