THOMAS LANE MORICOLI, Plaintiff-Appellant, *v.* P & S MANAGEMENT CO., INC., Defendant-Appellee.—(BARBARA T. HARRISON, a/k/a Barbara T. Reid, Counterplaintiff-Appellee, *v.* P & S MANAGEMENT CO., INC., Counterdefendant-Appellant.)

First District (1st Division)    Nos. 81-091, 81-507 cons.

Opinion filed January 25, 1982.—Rehearing denied March 8, 1982.

Kanter & Mattenson, Ltd., of Chicago (David M. Mattenson, of counsel), for appellant Thomas Lane Moricoli.

James W. Collins and Angelika Kuehn, both of Chicago (Boodell, Sears, Sugrue, Giambalvo & Crowley, of counsel), for appellee Barbara T. Harrison.

Gerald B. Lurie and Kiesler & Berman, both of Chicago (Rudnick & Wolfe, John R. Garofalo, and Peter T. Capps, of counsel), for appellant and appellee P & S Management Co., Inc.

JUSTICE GOLDBERG delivered the opinion of the court:

Although the two appeals herein involved are properly consolidated, dictates of clarity require separate handling.

### General No. 81-091

Thomas Lane Moricoli (plaintiff) brought an action for slander against James L. Schwartz, Barbara T. Reid, now known as Barbara T. Harrison (Harrison), and P & S Management Co., Inc. (P & S). The allegations of plaintiff's complaint and the alleged defamation are stated in the opinion of this court in *Moricoli v. Schwartz* (1977), 46 Ill. App. 3d 481, 482, 361 N.E.2d 74. This court reversed dismissal of the suit and held use of the word "fag" with reference to plaintiff by defendant Schwartz and by Harrison as agents for P & S was a defamation not susceptible of innocent construction. However, we also held that the alleged defamation did not constitute slander *per se* so that it was not actionable without proof of special damages.

Pursuant to this reversal, trial by jury was had. The jury returned the following verdicts and judgments were accordingly entered on November 20, 1980:

(1) A verdict in favor of plaintiff and against P & S on slander which assessed plaintiff's damages in accordance with these designations:

"*Special damages:*" Some illegible numbers immediately following a typewritten dollar sign are stricken out in ink and the number "0" is inserted with the handwritten initials of the jury foreman.

"*General damages:*" $40,133.00.

(2) Another verdict in favor of plaintiff and against P & S with punitive damages of $52,500.

(3) In a breach of contract claim brought by plaintiff against P & S, the verdict was in favor of the defendant and against the plaintiff.

(4) Another verdict finding in favor of Harrison and against plaintiff on the slander issue.

We should also note the trial court directed a verdict in favor of defendant James Schwartz.

P & S filed a motion for judgment *n.o.v.* Plaintiff filed a motion for judgment on the verdict. P & S filed an alternative motion for new trial on the ground that the verdicts were against the manifest weight of the evidence.

On December 4, 1980, the trial court entered judgment *n.o.v.* in favor of P & S on the ground that the jury found no special damages which thus omitted a necessary part of a general verdict in a case of slander *per quod* and that this finding of no special damages controlled over the verdicts for plaintiff. On December 9, 1980, plaintiff filed a post-trial motion stating in effect that there was no confusion by the jury except "in the

'assessment' or distribution of damages only." Alternatively, plaintiff moved for a new trial.

Plaintiff's post-trial motion and defendant's alternative motion for new trial were denied. Plaintiff filed notice of appeal from these final judgments and prayed judgment for the general and punitive damages assessed by the jury. No cross-appeal was filed.

In this court plaintiff urges the trial court improperly granted judgment *n.o.v.* since that remedy is available only under the evidence weighed according to the *Pedrick* standard; the trial court improperly treated the situation as though there had been a special interrogatory tendered and the trial court should have made the verdicts conform and then should have entered judgments thereon. Alternatively, plaintiff claims a new trial.

P & S contends judgment *n.o.v.* was proper because plaintiff has failed to prove special damages which was an element of his *prima facie* case; the verdict can be considered by the trial judge in granting judgment notwithstanding the verdict, and since the complete record has not been presented, the reviewing court is compelled to assume that the evidence supported the judgment notwithstanding the verdict. Alternatively, P & S prays for a new trial.

Plaintiff takes the position that the judgment *n.o.v.* entered December 4, 1980, specifically shows it is based on failure of the jury to assess special damages, whereas judgment *n.o.v.* is necessarily limited to instances which depend upon the strength of the evidence. (See *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.) Plaintiff then argues that although the record is not complete, various statements by the trial court are sufficient to show the jury actually intended to find special damages, general damages and punitive damages in accordance with the instructions. On the contrary, P & S urges that various statements by the trial judge indicate his belief the jury actually intended to find no special damages. P & S also urges that since plaintiff, as appellant, did not file a complete record, this reviewing court must assume the evidence supported the verdict of no special damages.

■■ We cannot agree with plaintiff's argument. The entire record before us, which it was the duty of plaintiff as appellant to bring before this court, contains only fragments of the evidence in three small portions of the report of proceedings. As has been stated by this court, a litigant who fails to file a complete report of proceedings has waived all points which "we can review only if we know what happened at those proceedings." (*Francisco v. Francisco* (1980), 83 Ill. App. 3d 594, 596, 404 N.E.2d 537, and cases there cited.) Many other decisions of this court hold that review of a decision by a trial court on a motion for judgment *n.o.v.* requires a complete transcript and in the absence thereof "the reviewing court must

presume that the evidence supported the court's judgment." *Mother Earth, Ltd. v. Strawberry Camel, Ltd.* (1981), 98 Ill. App. 3d 518, 520, 424 N.E.2d 758, and cases there cited.

In our opinion, this reasoning requires us to deny plaintiff's post-trial motion insofar as it seeks to set aside the judgment *n.o.v.* This is a factual issue which we cannot decide in the absence of a proper report of proceedings. On the contrary, the record before us is sufficient to enable us to pass upon the legal issues presented by alternative motions made by plaintiff and by P & S for a new trial even though the evidence is not before us. See *Flannery v. Marathon Oil Co.* (1979), 75 Ill. App. 3d 690, 691-92, 394 N.E.2d 706, and cases there cited.

With these matters in mind we turn to the jury instructions which are part of the trial record. Plaintiff's Instruction No. 1 told the jury they could determine plaintiff's monetary losses:

"[I]f you decide for the plaintiff on the question of liability and the plaintiff has proved some amount of special damages * * *."

The instruction then proceeds to set out aspects of "additional damages":

"1. Injury to fame or reputation.

2. Humiliation.

3. Embarrassment.

4. Ridicule.

5. Disgrace and public hatred.

6. Contempt.

7. Loss of earnings."

There is no definition of so-called "general damages" in the instructions.

Instruction No. 15 tendered by P & S told the jury:

"Special damage means the loss of identifiable income from entertainment sources which plaintiff lost as the proximate result of the defendants' publication."

Instruction No. 12 tendered by P & S told the jury:

"If you find that the plaintiff is entitled to special damages and if you also find, on the basis of clear and convincing evidence that the defendant P & S MANAGEMENT, INC., acted with actual malice in making the slanderous statements in question, and if you believe that justice and the public good require it, you may in addition to any damages which you find the plaintiff entitled award plaintiff an amount which will serve to punish the defendant, P & S MANAGEMENT, INC. and to deter others from the commission of like offense."

To make certain of the definition of "special damages" we must consider, as shown in Prosser, Torts §93, at 593 (2d ed. 1955), that all slanderous words, except for the four categories of slander *per se*:

"* * * are actionable only upon proof of 'special' damage—special

in the sense that it must be supported by specific proof, as distinct from the damage assumed to follow in the case of libel or the kinds of slander already considered."

Additional definitions are found in 53 C.J.S. *Libel and Slander* §240 (1948) as follows:

"General damages are those which the law presumes must actually, proximately, and necessarily result from the publication of the defamatory matter, * * *. If the words are not actionable per se, there can be no recovery of general damages. Special damages are such as have actually occurred, computable in money, which are the natural, but not the necessary, result of the alleged wrong, and do not follow by implication of law on proof of the defamatory words."

■■ The need for proof of special damages as an indispensable prerequisite for recovery by plaintiff herein is also expressed in *Valentine v. North American Co.* (1974), 60 Ill. 2d 168, 170, 328 N.E.2d 265, *Richardson v. Dunbar* (1981), 95 Ill. App. 3d 254, 259, 419 N.E.2d 1205, and cases there cited; *Kirk v. Village of Hillcrest* (1975), 31 Ill. App. 3d 1063, 1065, 335 N.E.2d 535, and *Whitby v. Associates Discount Corp.* (1965), 59 Ill. App. 2d 337, 340-41, 207 N.E.2d 482. In addition, the previous opinion by this court expressly held that the statements alleged in the instant case did not constitute slander *per se* so that allegation and proof of special damages was a condition precedent to recovery by plaintiff. (*Moricoli v. Schwartz* (1977), 46 Ill. App. 3d 481, 484.) That holding is the law of this case and this court can proceed only in accordance therewith. See *PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 312, 427 N.E.2d 563.

■■ In our opinion, the proper result to be reached in this case lies in the principles expressed in *Manders v. Pulice* (1970), 44 Ill. 2d 511, 517-18, 256 N.E.2d 330. The court there held the verdicts should be examined and an attempt made to mold them into logical form. But, as in the instant case, where there is grave doubt as to the meaning of the verdicts, a new trial should be directed.

■■ The legal problem here is one of ascertaining the intention of the jury. The verdict can be amended or molded when the defect is one of form not of substance. "[A]n amendment must reflect only what the jury clearly intended the verdict to be." *Anderson v. Smith* (1980), 91 Ill. App. 3d 938, 941, 415 N.E.2d 643. See also *Hagopian v. First Venture, Ltd.* (1980), 90 Ill. App. 3d 951, 956, 414 N.E.2d 85.

In the case before us the verdict is thoroughly and completely inconsistent. It is legally impermissible in the type of defamation case before us to find no special damages have been proved and also find the plaintiff is entitled to general damages and punitive damages. It is impossible to attempt to reconcile these conflicting verdicts. Consequently, the only

possible solution to this situation is to set aside all of the slander verdicts as regards the rights of plaintiff and P & S and to remand the case for a new trial on the defamation issues between these parties, in accordance with the alternative prayers of plaintiff and P & S.

The only exceptions to this course are:

(1) The jury found clearly in favor of defendant P & S and against plaintiff on the claim of breach of contract. No relief from this verdict and judgment was sought by plaintiff in his post-trial motion. Judgment on that verdict is accordingly affirmed.

(2) The jury also found in favor of defendant Harrison and against the plaintiff on the claim for slander. No point is raised regarding this verdict in plaintiff's post-trial motion. Accordingly, judgment on this verdict is affirmed.

(3) At the close of plaintiff's case, the trial judge directed a verdict for defendant Schwartz. No point is raised on this order, and the judgment on this verdict is accordingly affirmed.

Therefore the judgments entered on the slander verdicts in favor of plaintiff and against P & S and the judgment *n.o.v.* in favor of P & S are reversed and the cause remanded for a new trial. The remaining judgments on the three verdicts first above described are affirmed.

### General No. 81-507

Defendant Harrison filed a counterclaim against counter-defendant P & S. She sought indemnity against any judgment which might be entered against her in the slander suit and also reimbursement of her attorney fees and expenses incurred in defending herself. The issues raised in this counterclaim were tried together with the issues raised in plaintiff's complaint. However, by stipulation of the parties, the counterclaim issues were in effect severed from and not disclosed to the jury. These issues were submitted to the trial court together with written briefs filed by the parties and on oral argument after the filing of the verdicts in the main litigation.

The issue regarding indemnity sought by Harrison in event of a judgment against her was resolved by the verdict of the jury in favor of Harrison. On the question of reimbursement for attorney fees and expenses, the parties agreed that the requests of Harrison for attorney fees in the amount of $24,442.50 and for costs incurred in the amount of $665.13 were reasonable. On January 20, 1981, the trial judge entered judgment in favor of Harrison and against P & S for this total amount of $25,107.63. P & S appeals.

In our opinion, under the common law, an agent acting within the scope of his authority, such as Harrison in the case before us, is entitled to defend against the claim and to recover attorney fees and other expenses

thus incurred. (*Johnston v. Suckow* (1977), 55 Ill. App. 3d 277, 280-81, 370 N.E.2d 650.) In addition, the matter is made clear and definite by the pertinent statute.

The statute authorizes a corporation to indemnify its officers and agents who are made parties to a suit by virtue of their connection with the corporation. This indemnification includes payment of attorney fees and expenses. In addition, the statute provides that where a director, officer or agent has successfully defended an action or suit brought against him concerning corporate affairs "he shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by him in connection therewith." See Ill. Rev. Stat. 1979, ch. 32, par. 157.42—12(a), (b), and (c).

■■ This statutory language must be given its plain and ordinary meaning. (*Town of the City of Peoria v. O'Connor* (1981), 85 Ill. 2d 195, 203, 421 N.E.2d 912, quoting from *Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 194, 381 N.E.2d 222.) In the situation before us the language of the statute is clear and definite and we are obliged to follow it and apply it as written. Accordingly, we have no alternative but to affirm the judgment entered in favor of Harrison on her counterclaim against P & S, counterdefendant, in the amount of $25,107.63.

General No. 81-091 is affirmed in part and reversed and remanded for new trial in part. In General No. 81-507 the judgment is affirmed.

CAMPBELL, P. J., and McGLOON, J., concur.