JON R. LA BREE, Plaintiff-Appellant, *v.* SCHRIEBER COMPANY, Defendant-Appellee.

First District (1st Division)   No. 81—3193

Opinion filed June 13, 1983.—Rehearing denied July 25, 1983.

Ronald J. Lucaccioni, of Chicago (Joel S. Ostrow, of counsel), for appellant.

Johnson, Cusack & Bell, Ltd., of Chicago (Raymond R. Cusack and Thomas H. Fegan, of counsel), for appellee.

JUSTICE GOLDBERG delivered the opinion of the court:

Jon R. La Bree (plaintiff) brought this action for strict product liability against Schrieber Company (defendant) for injuries sustained by plaintiff while working with a product manufactured by defendant. After trial the jury returned a general verdict for defendant and against the plaintiff. The jury also answered a special interrogatory finding "plaintiff guilty of assumption of risk." The jury left blank a special interrogatory requesting an answer as to the percentage of total fault to be ascribed to each plaintiff and defendant. Plaintiff has appealed.

Under the view we take of this case, we need not address all the issues presented for review, or provide a detailed statement of the evidence. According to plaintiff's amended complaint, defendant manufactured a certain "continuous collating machine" which plaintiff used in the course of his employment. Plaintiff alleged the product was unreasonably dangerous in that it had inadequate safety guards. As a proximate cause of that allegedly dangerous condition, plaintiff claims to have suffered severe injuries to his arm and hand.

Defendant made a motion *in limine* to apply the theory of comparative negligence. (*Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886.) The trial court granted defendant's motion. In announcing his ruling, with reference to the issue of assumption of risk, the trial judge stated:

> "This Court will therefore hold that to the extent that the defendant is able to plead and prove assumption of risk, he will be allowed to do that and instead of it being stylized as as-

sumption of risk and totally barring the plaintiff's recovery, it will be called a form of comparative fault which will mitigate the damages."

The trial court gave the jury this instruction on assumption of risk:

"The defendant has asserted the affirmative defense that the plaintiff assumed the risk of injury. To establish that defense, the defendant has the burden of proving each of the following propositions:

First, that the plaintiff knew of the condition which the plaintiff claims made the collator unreasonably dangerous;

Second, that the plaintiff understood and appreciated the risk of injury from that condition and continued to use the collator.

Third, that the known condition was a proximate cause of plaintiff's injuries.

If you find from your consideration of all the evidence that each of the propositions required of the defendant has been proved, then your answer on the special verdict as to assumption of risk should be 'yes.'

If, on the other hand, you find from your consideration of all the evidence that any one of the propositions required of the defendant has not been proved, then your answer on the special verdict as to assumption of risk should be 'no.' "

The trial court also tendered two special interrogatories to the jury. One interrogatory asked "Was the plaintiff guilty of assumption of risk?" to which the jury answered "yes." The second interrogatory involved the allocation of percentage of fault:

"Assuming that 100% represents the combined fault of the plaintiff and of the defendant that contributed as a proximate cause to plaintiff's injury, what proportion of such combined fault is attributable to the plaintiff on the one hand and what proportion is attributable to the defendant on the other hand?

Answer: To plaintiff_____%
To defendant_____%"

The jury did not answer this special interrogatory regarding the allocation of percentages of fault.

The general verdict and the answered special interrogatory on assumption of risk read as follows:

"WE, THE JURY, FIND FOR THE DEFENDANT AND AGAINST THE PLAINTIFF.

WE, THE JURY IN THIS CASE FIND THE FOLLOWING

SPECIAL VERDICT ON THE ISSUE OF ASSUMPTION OF RISK:
   WAS THE PLAINTIFF GUILTY OF ASSUMPTION OF RISK? ANSWER (YES)."

The recent supreme court decision in *Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, 118, 454 N.E.2d 197, holds specifically that "the defense of comparative fault is applicable to strict liability cases." Accordingly the trial court was correct in granting defendant's motion to apply the theory of comparative negligence. But the *Coney* court also held specifically:

> "However, the defenses of misuse and assumption of the risk will no longer bar recovery. Instead, such misconduct will be compared in the apportionment of damages. Specifically, we hold: Once defendant's liabilities is established, and where both the defective product and plaintiff's misconduct contribute to cause the damages, the comparative fault principle will operate to reduce plaintiff's recovery by that amount which the trier of fact finds him at fault." 97 Ill. 2d 104, 119.

■■ Thus in the instant case the verdicts show that the basis of non-liability was plaintiff's assumption of risk. The jury did not complete the test by applying the principles of comparative fault to the case. *Coney* teaches us that comparative fault is applicable to strict liability cases and the application of that doctrine is incompatible with assumption of risk as a complete bar to plaintiff's recovery. Therefore, the final verdict was not only contrary to the specific ruling of the trial court when he granted defendant's motion to apply comparative negligence, but also the verdicts as rendered are contrary to the law as enunciated by *Coney*. It is thus apparent that the jury failed completely to grasp the matter before it and failed to perform its function as the trier of fact.

■■ Defendant argues plaintiff has filed an incomplete record, and therefore the judgment must be affirmed. We acknowledge that the record filed by plaintiff is incomplete. (See *Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, 350-51, 415 N.E.2d 337.) Likewise we note that plaintiff's post-trial motion is lacking in specificity. *Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, 350-51.

Nevertheless, such deficiencies in the record do not affect that power of this court to adjudicate a particular issue in the interest of complete justice. (*Wozniak v. Segal* (1974), 56 Ill. 2d 457, 461, 308 N.E.2d 611.) " '[T]he responsibility of a reviewing court for a just result and the maintenance of a sound and uniform body of precedent

may sometimes override the considerations of waiver that stem from the adversary character of our system.' " *Wozniak v. Segal* (1974), 56 Ill. 2d 457, 461, quoting *Hux v. Raben* (1967), 38 Ill. 2d 223, 225, 230 N.E.2d 831.

We are also keenly aware of the difficult task which able counsel and the trial court had in attempting to apply newly articulated rules of law particularly without the invaluable guidance of the *Coney* opinion. However we find it impossible to reconcile the jury's action and its failure to complete the tendered verdicts with the applicable legal principles. (See *Moricoli v. P & S Management Co.* (1982), 104 Ill. App. 3d 234, 238, 432 N.E.2d 903, *appeal denied* (1982), 91 Ill. 2d 560.) The judgment for defendant is accordingly reversed and the cause is remanded for a new trial.

Reversed and remanded.

McGLOON and CAMPBELL, JJ., concur.