PEDRO MOREL, Plaintiff-Appellant, v. CORONET INSURANCE COMPANY, Defendant-Appellee.

First District (3rd Division)  No. 84—2514

Opinion filed December 4, 1985.

Donald J. Brooks, Ltd., Robert Schey, Topper & Weiss, and William J. Harte, Ltd., all of Chicago (William J. Harte, of counsel), for appellant.

Mark Mennes and Charles A. Linn, both of Arnold & Kadjan, of Chicago, for appellee.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Plaintiff, Pedro Morel, brought an action on behalf of himself and others similarly situated, seeking restitution of certain proceeds resulting from the litigation of insurance claims by defendant. The circuit court of Cook County dismissed plaintiff's amended complaint upon defendant's motion pursuant to section 2–619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2–619(a)(9)). On appeal, plaintiff contends that it was improper for the circuit court to dismiss the complaint and to determine that an annual retainer paid to house counsel by an insurance company could be an incurred expense under section 143b of the Illinois Insurance Code (Ill. Rev. Stat. 1981, ch. 73, par. 755b) and the basis for a one-third *pro rata* assessment against the insured's recovery of the policy deductible.

According to the record, on February 3, 1979, plaintiff was the holder of a policy for collision insurance with defendant which subrogated the insurer to plaintiff's loss claim. On that date plaintiff was in an automobile accident. Subsequently, defendant recovered the sum of $200 on the subrogated claim and paid plaintiff $133.34, deducting the balance of $66.66 for house counsel as incurred expenses. Thereafter, plaintiff filed the instant action to recover $66.66.

According to an affidavit included in the record, house counsel was an independent law firm which defendant paid an annual retainer for conducting litigation of cases involving property damage and bodily injury. It also represented defendant in subrogation claims and

arbitration matters. The amount of the retainer was based on the total volume of cases.

At the time of the incident section 143b of the Illinois Insurance Code read as follows:

> "Any insurance carrier whose payment to its insured is reduced by a deductible amount under a policy providing collision coverage is subrogated to its insured's entire collision loss claim including the deductible amount unless the deductible amount has been otherwise recovered by the insured, but if the deductible amount has been otherwise recovered by the insured it shall not be included in the subrogated loss claim and shall be excluded from the amount of loss pleaded. In claims for less than $500, if the deductible amount is included in the subrogated loss claim the insurance carrier shall pay the full pro rata deductible share to its insured out of the net recovery on the subrogated claim. In claims for less than $500, administrative expenses of the insurance carrier cannot be deducted from the gross recovery, and only incurred expenses of the carrier, such as attorney's fees, collection fees and adjuster's fees, may be deducted therefrom to determine the net recovery. When the insurance carrier is recovering in full directly from a third party a claim of less than $500 by means of installments, the insured shall receive his full pro rata deductible share as soon as such amount is collected an before any part of such recovery is applied to any other use." (Ill. Rev. Stat. 1981, ch. 73, par. 755b.)

That section has since been amended to eliminate the $500 limitation and now applies to all claims. Ill. Rev. Stat. 1983, ch. 73, par. 755b.

■ We shall now consider plaintiff's contentions that the trial court erroneously dismissed his complaint and improperly construed section 143a of the Illinois Insurance Code with regard to whether an annual retainer paid to house counsel by the insurer could be an incurred expense recoverable from the insured. Section 2—619(a)(9) allows the dismissal of an action based on the assertion of affirmative matter which does not appear on the face of the complaint. (*First National Bank v. Minke* (1981), 99 Ill. App. 3d 10, 13, 425 N.E.2d 11.) The section is limited by the basic rule that a motion to dismiss admits all well-pleaded facts, but it does not admit conclusions of law or conclusions of fact unsupported by allegations of specific fact upon which such conclusions rest. (*Russo v. Boland* (1982), 103 Ill. App. 3d 905, 908, 431 N.E.2d 1294.) The alleged affirmative matter asserted to defeat the claim or demand must be something more than evidence

offered to refute well-pleaded facts in the complaint, for such well-pleaded facts must be taken as true for purposes of a motion to dismiss. (*Hayna v. Arby's, Inc.* (1981), 99 Ill. App. 3d 700, 710, 425 N.E.2d 1174.) "An 'affirmative matter' under this section is 'something in the nature of a defense that negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint.'" *Illinois Housing Development Authority v. Sjostrom & Sons, Inc.* (1982), 105 Ill. App. 3d 247, 252, 433 N.E.2d 1350.

A review of defendant's motion reveals that no facts were asserted in its motion contradicting those raised in plaintiff's complaint. Rather, the motion raised as an affirmative matter a question of the construction of section 143a. More specifically, defendant maintained that payment of fees to house counsel on the basis of an annual retainer was as much of an incurred expense under section 143a as that of the payment of fees to independent counsel retained occasionally to represent the insurer as a subrogee on litigated claims which may clearly be deducted from the gross subrogation recovery and paid to the insurer. Plaintiff conversely argues that such a subrogation payment to house counsel should be considered as an administrative expense that cannot be deducted from the gross recovery.

■ A court's primary function in construing a statute is to give effect to the intention of the legislature. (*Winstead v. County of Lake* (1983), 111 Ill. App. 3d 323, 325, 443 N.E.2d 1145.) In so doing, the provisions of a statute should be read in light of the statute as a whole and in conformity with its dominant general purpose. (*Balmes v. Hiab-Foco, A.B.* (1982), 105 Ill. App. 3d 572, 574, 434 N.E.2d 482.) Further, statutory language must be given its plain and ordinary meaning. *Moricoli v. P & S Management Co.* (1982), 104 Ill. App. 3d 234, 240, 432 N.E.2d 903.

■ It is uncontested that in the instant matter house counsel was an independent law firm paid on the basis of an annual retainer by defendant for handling small and somewhat routine claims. Further, counsel was required to appear in court and litigate the defendant's subrogated claim the same as any other attorney would who was retained for representation on one case. Through their contractual relationship a liability was incurred by defendant to pay counsel for the work performed regardless of the fact that it was satisfied through one payment. Additionally, it is conceivable that a fee to an independent counsel retained for one case could also be compensated by a single payment. Under the circumstances, we believe that the language

of the statute is clear, and we are obliged to follow it and apply it as written. Thus, we conclude that the costs for house counsel are incurred attorney fees that may be deducted from the gross recovery.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and RIZZI, JJ., concur.