THE DEPARTMENT OF REGISTRATION AND EDUCATION, n/k/a The Department of Professional Regulation, Plaintiff-Appellee, v. ROBERT W. SCHMIDT, Defendant-Appellant.

First District (5th Division)   No. 1—89—0853

Opinion filed March 30, 1990.

Ronald E. Stackler, John A. Holtaway, and Stephen C. Shamberg, all of Stackler & Shamberg, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Defendant Robert Schmidt (Schmidt) appeals from an order of the circuit court of Cook County holding him in contempt for violation of an administrative subpoena *duces tecum* to produce certain dental records of his patients. The facts are not disputed and are as follows.

In May 1986, plaintiff Department of Registration and Education (Department) instituted disciplinary proceedings against Schmidt. The Department's 41-count complaint sought the suspension or revocation of Schmidt's dentistry license based on the care rendered to and/or diagnoses made by him to over 40 patients; Schmidt's actions were alleged to constitute professional incompetency manifested by poor standards of care or improper and unprofessional conduct, in violation of the Illinois Dental Practice Act (Ill. Rev. Stat. 1985, ch. 111, pars. 2323(11), (23)).

In October 1986, the Department issued a subpoena *duces tecum* to Schmidt, requiring him to produce certain dental records of his patients. Schmidt refused to comply with the subpoena and, on March 5, 1987, the Department filed a petition in the circuit court to enforce the subpoena. Schmidt filed an answer to the Department's petition, alleging, among other things, that the fifth amendment privilege against self-incrimination protected him from complying with the Department's subpoena.

On May 16, 1988, the Department filed a motion for summary judgment. Thereafter, the parties filed memoranda in support and in opposition to the motion. On July 21, the trial court entered summary judgment in favor of the Department and ordered Schmidt to produce the requested dental records.

Schmidt filed a notice of appeal from the July order to this court on August 18, 1988. On January 27, 1989, however, he filed a motion to dismiss the appeal based upon his contention that the July order was not a final order. Over the objections of the Department, we granted Schmidt's motion to dismiss without prejudice.

On February 3, Schmidt was held in contempt by the trial court for refusing to produce the previously ordered records. Schmidt subsequently filed a "motion for judgment on the order of contempt." On March 30, Schmidt was again held in contempt and fined $100 by the trial court. Enforcement of the court's March 30 order was stayed pending disposition of Schmidt's second appeal to this court from that order.

Before proceeding on the merits of this case, we must address the Department's challenge to our jurisdiction over the controversy. Specifically, the Department argues as follows:

"[T]he July 21, 1988 order granting judgment to the Department was a final and appealable order in this enforcement proceeding. Schmidt has errantly abandoned his first appeal of a final order and therefore this Court lacks jurisdiction over the underlying merits of that order, which rejected Schmidt's challenges to the administrative subpoena. All that Schmidt has now appealed from is the trial court's finding of contempt and the imposition of a fine; the propriety of which he nowhere challenges in his brief."

The Department cites to several cases in support of its contention that, notwithstanding this court's order dismissing Schmidt's first appeal based on our determination that the July order was not a final order, the July order was in fact a final order and Schmidt cannot now raise issues concerning the merits of that order. See *People v. Pine* (1989), 129 Ill. 2d 88, citing with approval *Laurent v. Brelji* (1979), 74 Ill. App. 3d 214 (in an action to enforce an administrative subpoena, the proceeding is a *separate, independent* action, and an order to comply with the subpoena was therefore final and appealable, since the order finally determined the rights of the parties before it and terminated the litigation); see also *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167 (an order to comply with an administrative subpoena, unlike a discovery subpoena in a *pending* case, is a final order without a contempt finding because the rights of the parties have been determined).

■■ While we find, upon further review, that the cases cited by the Department are dispositive of the finality of the July 21 order, our order of dismissal of Schmidt's first appeal, although based on an erroneous finding, is now the law of the case. "[W]here the evidence on a subsequent appeal is the same as on the first or prior appeal, *** the adjudications of such first or prior appeal are binding on the reviewing court on a subsequent appeal." (*Noe v. Chicago Great Western Ry. Co.* (1969), 130 Ill. App. 2d 36, 41; see also *Moricoli v. P & S*

*Management Co.* (1982), 104 Ill. App. 3d 234.) Accordingly, we have jurisdiction over the trial court's July 21 order, which was the basis of Schmidt's first appeal, as a result of our dismissal of the appeal "without prejudice" to Schmidt to perfect a later appeal.

In this second appeal, Schmidt argues that: (1) the privilege against self-incrimination, guaranteed by the fifth amendment of the United States Constitution (U.S. Const., amend V), as incorporated in Illinois' Constitution of 1970 (Ill. Const. 1970, art. I, §10), extends to the instant proceeding, precluding compliance with the issued subpoena; and (2) the trial court erred in granting the Department's motion for summary judgment because genuine issues of material fact existed. For the reasons set forth below, we remand the matter to the trial court for further proceedings.

■ Summary judgment should be granted where "the pleadings, depositions and admissions on file, together with the supporting affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." (*Wright v. Adonis Compania Naviera, S.A.* (1978), 59 Ill. App. 3d 108, 110; Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) Evidence is to be construed strictly against the moving party and liberally in favor of the opponent. (*Clausen v. Ed Fanning Chevrolet, Inc.* (1972), 8 Ill. App. 3d 1053.) The right to summary judgment must be clear beyond question and an order granting summary judgment must be reversed if a reviewing court determines that a material question of fact does exist. *Wright v. Adonis Compania Naviera, S.A.* (1978), 59 Ill. App. 3d 108.

In the instant case, Schmidt, in his answer to the Department's petition to enforce its subpoena, denied that he "is incorporated as Robert W. Schmidt, D.D.S. a licensed professional service corporation." The trial court record is silent with respect to this dispute. This was a material question of fact, since a determination of whether Schmidt's records were personal, records of a sole proprietor, or corporate would be a consideration dispositive of application of his asserted affirmative defense that he was protected from producing them under the privilege against self-incrimination. (See *In re Zisook* (1981), 88 Ill. 2d 321.) This was a material issue of fact not fully addressed in the trial court.

■■ The Department, in the appendix to its appellate brief, has included a copy of the articles of incorporation filed by Schmidt with the Secretary of State of Illinois, incorporating "Robert W. Schmidt, D.D.S., P.C." as a domestic corporation on April 23, 1982. The articles list Schmidt as the only incorporator and the corporation's *regis-*

*tered agent.* Our courts can, and under the circumstances here, we must take judicial notice of the public records of the aforementioned articles of incorporation. (See *Finish Line Express, Inc. v. City of Chicago* (1978), 72 Ill. 2d 131.) In so noting, we observe that the fifth amendment privilege against self-incrimination cannot be claimed " 'by the custodian of corporation records, regardless of how small the corporation may be.' " (*In re Zisook* (1981), 88 Ill. 2d 321, 339, quoting *Reamer v. Beall* (4th Cir. 1974), 506 F.2d 1345, 1346.) Nor does an employee of a professional corporation possess the privilege against self-incrimination so far as records of the corporation are concerned. (*Zisook*, 88 Ill. 2d at 337.) As our supreme court has stated:

> " 'Basically, the power to compel the production of the records of any organization, whether it be incorporated or not, arises out of the inherent and necessary power of the federal and state governments to enforce their laws, with the privilege against self-incrimination being limited to its historic functions of protecting only the *natural individual* from compulsory incrimination through *his own testimony or personal records.*' [Citations.]" (Emphasis in original.) (*In re Zisook* (1981), 88 Ill. 2d 321, 340, quoting *United States v. White* (1944), 322 U.S. 694, 700-01, 88 L. Ed. 1542, 1547, 64 S. Ct. 1248, 1252.)

As further stated in *Zisook*:

> "Thus the privilege protects an employee from disclosing his 'personal' records which may incriminate him, but it does not protect him from providing corporate records in his possession, which may incriminate him. The distinction between these two is that in the second situation the witness holds the documents in a representative, as opposed to personal, capacity. [Citations.]" 88 Ill. 2d at 340.

Further, in the case before us, we find that the fact that Schmidt was named in the action appealed from, rather than the corporation, his employer, does not necessarily defeat Schmidt's required compliance.

■ During oral argument it appeared that Schmidt contends that, even though Robert W. Schmidt D.D.S. appears to be a licensed professional corporation, the involved records may be personal records and not corporate records. Thus, an issue of fact unaddressed or even fully raised in the trial court exists, both as to the order compelling the production of records and the order holding Schmidt personally in contempt.

■ Accordingly we remand the case to the trial court for a factual hearing and determination on the issue of whether the involved

records are corporate or personal records and such other relevant issues that may be raised by either or both of the parties. In any subsequent appeal, the excellent briefs of the parties in this appeal may stand on the issues tendered herein. Accordingly, the case is remanded to the trial court for further hearing on the factual issues herein stated.

Remanded with directions.

COCCIA, P.J., and GORDON, J., concur.