# Illinois Official Reports

## Appellate Court

---

### *Larkin v. George*, 2016 IL App (1st) 152209

---

| | |
|---|---|
| Appellate Court Caption | JOHN LARKIN, Plaintiff-Appellant, v. KEVIN BOYD GEORGE, Defendant-Appellee. |
| District & No. | First District, First Division<br>Docket No. 1-15-2209 |
| Rule 23 order filed<br>Rule 23 order<br>withdrawn<br>Opinion filed | August 30, 2016<br><br>October 21, 2016<br>October 31, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-L-002306; the Hon. Ronald F. Bartkowicz, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Stephen Le Brocq, of Law Offices of Stephen Le Brocq, of Dallas, Texas, for appellant.<br><br>Bruce Farrel, of Dorn & Associates, of Chicago, for appellee. |
| Panel | JUSTICE SIMON delivered the judgment of the court, with opinion.<br>Justices Pierce and Neville concurred in the judgment and opinion. |

**OPINION**

¶ 1      Plaintiff John Larkin filed an action for negligence against defendant Kevin Boyd George as a result of a multi-car accident. Defendant admitted that he drove negligently, and the remaining issues at trial were the nature and the extent of plaintiff's injuries and whether those injuries were proximately caused by defendant's negligent driving. Following a jury trial, the jury returned a unanimous verdict in favor of defendant. Plaintiff appeals that verdict arguing that (1) the trial court erred in ruling that defendant did not violate the court's previous order regarding plaintiff's motion *in limine*, (2) the jury's verdict was against the manifest weight of the evidence, and (3) the trial court failed to properly instruct the jury to not engage in their own independent investigation.

¶ 2                                          BACKGROUND

¶ 3      On January 27, 2011, plaintiff was driving his motor vehicle southbound on Interstate 294 near mile post 39 when he was involved in a multi-car accident. Defendant's vehicle contacted the rear of the vehicle driven by a nonparty. The nonparty then contacted the rear of the vehicle operated by plaintiff. Plaintiff's vehicle then contacted the rear of a vehicle driven by another nonparty.

¶ 4      On March 1, 2012, plaintiff filed his complaint against defendant alleging that he suffered numerous injuries as a result of defendant's negligent driving. Prior to trial, plaintiff filed a motion *in limine* asking the court to bar defendant from presenting testimony and photographs depicting damages sustained by the vehicles involved in the underlying motor vehicle accident. The trial court limited the use of the photographs to show the "point of impact" and not the extent of damages.

¶ 5      At trial, investigating trooper John Oreskovich testified that he was on the scene for at least 45 minutes investigating the accident. He stated that his report reflected that plaintiff made no complaints of pain or discomfort at the accident scene. He prepared a no injury code police report indicating that both from his personal observations and from plaintiff's reporting there were no complaints of pain or discomfort at the scene. Defendant testified that, on the day of the accident, plaintiff was in no observable pain or discomfort and that plaintiff made no complaints to him of his left foot or ankle discomfort at the accident scene.

¶ 6      Plaintiff testified that he went to an urgent care center the day after the accident due to discomfort in his left ankle. Approximately a month later he saw an orthopedic surgeon who performed an ankle surgical procedure. Subsequently, plaintiff underwent a second surgical procedure performed by another surgeon. Plaintiff reported continuing pain and discomfort in his left foot up until the time of trial and testified about his inability to participate in family activities, such as golfing, and playing basketball as a result of the traffic incident. Plaintiff stated that prior to the traffic accident he regularly played basketball on a team.

¶ 7      At the close of the evidence, the jury returned a verdict in favor of defendant. Plaintiff filed his motion for a new trial arguing that (1) defendant's counsel repeatedly violated plaintiff's motion *in limine* when counsel intentionally brought up the pictures in the presence of the jury multiple times, (2) the verdict was against the manifest weight of the evidence, and (3) the jury clearly engaged in premature deliberation and was biased by extrinsic influences, or, in the alternative, the court should grant plaintiff an evidentiary hearing regarding juror misconduct.

The court denied plaintiff's posttrial motion, and this appeal followed.

¶ 8                                   ANALYSIS

¶ 9        On a motion for a new trial, the trial court will weigh the evidence and order a new trial if the verdict is contrary to the manifest weight of the evidence. *Lawlor v. North American Corp. of Illinois*, 2012 IL 112530, ¶ 38. A verdict is against the manifest weight of the evidence only where the opposite result is clearly evident or where the jury's findings are unreasonable, arbitrary, and not based upon any of the evidence. *Id.* We will not reverse the trial court's ruling on a motion for a new trial unless it is affirmatively shown that the trial court abused its discretion. *Id.*

¶ 10       Plaintiff argues that the defendant "blatantly ignored" the court's order regarding the use of photographs at trial and that he was denied his right to a fair trial by defendant's repeated attempts to use this inadmissible evidence at trial. Although the jury did not see the photographs, plaintiff claims that he was prejudiced when the jury was left to speculate and was never able to view or appreciate why the photographs were not disclosed.

¶ 11       Once a motion *in limine* is granted, the movant must be vigilant and object when evidence is presented which may violate the order. *Compton v. Ubilluz*, 353 Ill. App. 3d 863, 871 (2004). The purpose of an order *in limine* is to exclude inadmissible evidence. *Id.* A new trial may be granted for a violation of an *in limine* order only if the order's prohibitions are specific, the violation is clear, and the violation deprived the moving party a fair trial. *Id.*

¶ 12       Here, plaintiff failed to establish that defense counsel violated the trial court's order. Plaintiff argues that the trial court prohibited the use of photographs entirely at trial. This is simply incorrect. The trial court's order did not completely prohibit the use of photographs but limited their use to show the "point of impact" and not the extent of the damage of the vehicles involved in the accident. When determining the scope of the motion *in limine* at issue, the trial court explained that certain photographs could be used to reference the point of impact and that if these photographs were to be used for this purpose, the court would rule on their admissibility at that time. This is exactly what happened at trial. Defense counsel attempted to show the photographs to defendant to discuss the point of impact. Plaintiff objected. Defendant showed the court the photographs and argued that they should be admitted into evidence, as the force of contact was disputed and described by plaintiff through his own testimony, his physician's testimony, and in the opening statement as "violent." Defense counsel indicated that he wanted to use the photographs to remind the jury that defendant's vehicle never contacted plaintiff's vehicle but, rather, a vehicle in between the two cars.

¶ 13       The trial court evaluated the photographs and the arguments presented and did not allow any photographs to be viewed by the jury. The jury did not see the photographs as they were never entered into evidence. Based on the record and the scope of the motion *in limine*, we cannot say that defendant's counsel's actions violated the trial court's order. To the contrary, just as the trial court noted in denying plaintiff's motion for a new trial, defense counsel's actions followed the procedure the court had previously established when granting plaintiff's motion *in limine*.

¶ 14       Plaintiff contends that even if the jury did not see the photographs, he was prejudiced because the jury heard plaintiff's objection to the photographs, observed a sidebar about the photographs, and was left to speculate why they were not disclosed. Plaintiff's allegations lack any type of support. There is no evidence that the jury saw the photographs or that the jury

heard or understood the nature of the conversations between the trial court and the attorneys regarding this topic. Moreover, plaintiff failed to present any evidence that the jury's awareness of the existence of the photographs prejudiced him. Bare speculation and unsupported presumptions are insufficient to establish that plaintiff was prejudiced. See *Anderson v. Smith*, 91 Ill. App. 3d 938, 941 (1980).

¶ 15　　Plaintiff also claims that he was prejudiced by defendant's conscious violation of the order *in limine* when defendant mentioned the photographs during plaintiff's testimony at trial. Specifically, plaintiff points out that during his direct examination, defendant's counsel improperly remarked, "[j]udge if he wants to describe the damage, I'm fine. I have these pictures." The relevant context to the remark was as follows:

> "Q. Okay. And prior to getting in your car to where—before the state trooper arrived while you were at the car behind you, were you able to observe the damage to the white Range Rover?
>
> A. Yes.
>
> Q. Can you describe the damage?
>
> THE COURT: We went through this before.
>
> MR. SALVATO [plaintiff's attorney]: Okay. Could I—
>
> MR. BEATEN [defense attorney]: Judge if he wants to describe the damage, I'm fine. I have these pictures.
>
> MR. SALVATO: I'll withdraw the question. The court has already instructed us on just the point of impact."

¶ 16　　Initially, we note that plaintiff did not object when defendant's counsel mentioned the photographs, failing to properly preserve the error for review. In addition, the record indicates that defendant's counsel mentioned the photographs only after plaintiff's counsel asked plaintiff to describe the damage at the scene, knowing that the trial court specifically prohibited any evidence that would depict the damages incurred by the vehicles. It is well established that counsel cannot complain about an error he himself invited. *Clemons v. Alton & Southern R.R. Co.*, 56 Ill. App. 3d 328, 335 (1977). Since the comment was elicited because of plaintiff's own improper argument, it is clear that plaintiff invited the remark. Defendant's counsel mentioned the photographs to rebut plaintiff's testimony and ultimately plaintiff's counsel withdrew his question. Accordingly, since plaintiff invited defendant's remark about the photographs, the trial court did not abuse its discretion when it rejected plaintiff's motion for a new trial on this basis.

¶ 17　　Plaintiff claims next that the trial court erred in denying his motion for a new trial arguing that the jury's verdict was against the manifest weight of the evidence. Plaintiff contends that he presented the testimony of multiple board-certified expert witnesses that established the extent of his injuries and that defendant's negligent driving was the proximate cause of his injuries. Meanwhile, plaintiff argues defendant presented no experts and no evidence to rebut the evidence presented at trial, and as such, the verdict was against the manifest weight of the evidence. "A verdict is against the manifest weight of the evidence where the opposite result is clearly evident or where the findings of the jury are unreasonable, arbitrary, and not based on the evidence." *Jackson v. Seib*, 372 Ill. App. 3d 1061, 1069 (2007).

¶ 18　　After carefully reviewing the evidence adduced at the trial, we cannot find that the findings of the jury were unreasonable, arbitrary, and not based on the evidence. The jury in this case

heard conflicting testimony regarding what injuries, if any, plaintiff sustained as a result of the accident in question and whether defendant's negligent driving was the proximate cause of those injuries. Plaintiff testified that he suffered extensive injuries as a result of the accident, while defendant and the investigator at the scene both stated that plaintiff was in no observable pain or discomfort and that he made no complaints to them of his left foot or ankle discomfort at the accident scene. On cross-examination, plaintiff admitted that he did not strike any part of his ankle on any portions of the interior of the car during the accident. He also admitted that prior to the accident he regularly played basketball as part of a team.

¶ 19 The question of whom to believe and what weight to give to all the evidence is a decision for the trier of fact, whose determinations should not be upset on review unless manifestly erroneous. See *id.* It is the province of the jury to resolve conflicts in the evidence, to pass upon the credibility of the witnesses, and to decide the weight to be given to the witnesses' testimony. *Id.* Since the witnesses' testimony and the evidence in the case conflicted, we cannot say that the verdict was manifestly erroneous.

¶ 20 Moreover, although plaintiff contends that the testimony of his medical experts proved that plaintiff's injuries were proximately caused by defendant's driving, he failed to include on appeal any evidentiary trial testimony of his treating physicians. The appellant has the burden to present a sufficiently complete record to support a claim of error on appeal. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). Indeed, "[f]rom the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant." *Foutch*, 99 Ill. 2d at 391. Where the issue on appeal relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of the proceeding. *Webster*, 195 Ill. 2d at 432. Without such a record, it is presumed that the order entered by the trial court is in conformity with the law and has a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.*

¶ 21 Here, plaintiff failed to include in the record before us all of the relevant evidence that was actually presented to the jury. Without a transcript of the experts' trial testimony, there is no adequate basis for concluding the trial court abused its discretion in denying plaintiff's motion for a new trial. See *id.* We presume the order entered by the trial court was in conformity with the law and had a sufficient factual basis. Any doubts arising from the incompleteness of the record are resolved against plaintiff, the appellant in this case. Therefore, plaintiff's claim that the verdict was against the manifest weight of the evidence fails on this basis as well. We emphasize that even if plaintiff presented the testimony of his treating physicians on appeal, we would still find, as discussed above, that the verdict was not against the manifest weight of the evidence. Plaintiff's evidence at trial was vigorously contradicted by defendant and questions of whom to believe and what weight to be given to all the evidence are to be resolved by the trier of fact. Here, the jury returned a verdict in favor of defendant. Its determination was not manifestly erroneous.

¶ 22 Finally, plaintiff contends that the trial court erred when denying his posttrial motion when the court failed to properly instruct the jury not to engage in its own independent investigation until immediately before jury deliberations. During trial, plaintiff was facing pending criminal charges in Indiana, and since his case was newsworthy in multiple media outlets in Illinois and Indiana, plaintiff maintains the jurors were influenced by this information. Plaintiff claims that

the jurors reached a unanimous verdict for defendant due to this extrinsic information, as reflected by the fact that they reached their verdict in less than 40 minutes, and no juror was willing to talk after trial.

¶ 23 Plaintiff relies on *People v. Holmes*, 69 Ill. 2d 507 (1978) in support of his claim that he was prejudiced by the jury's misconduct. In *Holmes*, the evidence established that several jurors went to a shoe store to investigate shoe heels after hearing police testimony regarding the heel print at the crime scene by defendant. *Id.* at 509-10. Our supreme court reversed the defendant's conviction and held that a prejudicial error occurred as the extraneous information was essential to the issue of the defendant's identification. *Id.* at 509.

¶ 24 However, plaintiff's reliance on *Holmes* is misplaced. Unlike *Holmes*, where the evidence indicated that the jury actually engaged in improper investigation, here, there is no evidence whatsoever of the jury's independent investigation. Plaintiff's argument is nothing but pure speculation that the jurors were aware of his pending criminal charges in a different state or that the alleged extraneous investigation by the jurors influenced their verdict in the instant case. Furthermore, contrary to plaintiff's argument, the record reflects that the trial court properly instructed the jury at the start of deliberation not to discuss the case with anyone until the verdict was reached and not to use the Internet in any way to research any of the matters. Also, during the jury selection process, the trial court questioned every potential juror about any prior knowledge and association with the parties in the case. All the jurors indicated that they had no knowledge or association with the parties. Based on this record we cannot say that the trial court abused its discretion in denying plaintiff's motion for a new trial. Having found no basis for plaintiff's claim that the jury engaged in misconduct we similarly deny plaintiff's request to remand the case to the circuit court for an examination under oath of the jurors.

¶ 25                                                    CONCLUSION

¶ 26 Based on the foregoing, we affirm the circuit court's judgment.

¶ 27 Affirmed.