2021 IL App (2d) 200373-U
No. 2-20-0373
Order filed March 2, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| WESTGATE TOWNHOME ASSOCIATION, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 19-LM-1967 |
| JULENE KIRSCH and ALL UNKNOWN OCCUPANTS, | ) ) ) | |
| Defendants | ) ) | Honorable Jacquelyn D. Melius, |
| (Julene Kirsch, Defendant-Appellee). | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Jorgensen and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court properly entered judgment in favor of defendant where the evidence showed that plaintiff had breached its fiduciary duty in finding that defendant violated its rules.

¶ 2    Plaintiff, Westgate Townhome Association (Westgate), filed an action in the circuit court of Lake County seeking to evict defendant, Julene Kirsch. Following a bench trial, the court entered judgment in favor of Kirsch. Westgate appeals. For the following reasons, we affirm.

¶ 3                                I. BACKGROUND

¶ 4    On October 11, 2019, Westgate filed a complaint seeking to evict Kirsch from her townhome due to nonpayment of common expenses. The complaint alleged that Westgate is an association with board authority granted under the Condominium Property Act[1] and/or the Illinois Common Interest Community Association Act.[2] Westgate also requested in the complaint an *in rem* judgment in the amount of $6,516.70 for past-due common expenses, plus additional attorney fees and costs.[3] The common expenses at issue stemmed from Kirsch's alleged violation of Westgate's rules, by allowing her dog to urinate on her neighbor's lawn. Kirsch is a 77-year-old woman who had been living in Westgate for over 30 years.

¶ 5    The matter proceeded to a bench trial, and the parties introduced the following evidence. Mike Koziak, who was the president of Westgate's Board of Directors (Board), testified that Westgate was a dog-friendly community and that it was reasonable to expect dogs to urinate on lawns. Nevertheless, a provision of the Westgate Townhome Association Manual provided that "no pet shall be allowed to create a nuisance or unreasonable disturbance, whether inside or out, or to damage property." Koziak relayed that the Board received complaints from Kirsch's neighbor that Kirsch's dog caused damage to the neighbor's lawn by urinating on it. In support of her complaint, Kirsch's neighbor provided the Board with a video in the form of an "expiring link," which the Board's members viewed. The Board directed Westgate's counsel to notify Kirsch of the complaints.

---

[1]  765 ILCS 605/1 *et seq.* (West 2018).

[2]  765 ILCS 160/1 *et seq.* (West 2018).

[3]  Westgate sought no personal judgment for unpaid common expenses against Kirsch, as her liability was discharged in separate bankruptcy proceedings.

¶ 6    The evidence showed that the Board held a hearing to determine whether Kirsch violated Westgate's rules. Kirsch was present at the hearing and was unrepresented by counsel. The hearing lasted 20 minutes. Kirsch was the only witness. The video was not shown at the Board's hearing or at trial.

¶ 7    At trial, Koziak maintained that he thought that Kirsch saw the video prior to the hearing. Koziak testified that the video was "distributed among the relevant people." Kirsch, on the other hand, testified that she never viewed the video, as the Board denied her request to view it and told her that the Board was not required to show it to her. Further, Kirsch testified that the Board's attorney prevented her from presenting her side of the story at the hearing. Koziak disputed that Kirsch was not given an opportunity to present her defense to the claim.

¶ 8    The evidence showed that, following the Board's hearing, the Board determined that Kirsch had violated Westgate's rules and assessed a $300 fine against her. The Board indicated that it would also charge her for unspecified costs and legal fees occasioned by the violation. Although Kirsch apparently continued to pay her normal monthly assessments after the hearing, she failed to pay the assessments that were associated with the Board's finding that she violated its rules, giving rise to the present action. Evidence introduced at trial indicated that the majority of the amount that Westgate claimed Kirsch owed represented Westgate's legal fees.

¶ 9    The trial court entered judgment in Kirsch's favor and ordered the parties to bear their own costs. The court reasoned that Westgate introduced no evidence substantiating the claim that Kirsch's dog damaged the neighbor's yard. Specifically, the court found that Westgate failed to present video showing the damage, an invoice for yard repairs and replacement, or any other documentation showing a violation of Westgate's rules. Further, the court found that the Board

did not demonstrate that the fines were reasonable and did not make its decision about any alleged violation of the rules in good faith.

¶ 10    Westgate filed a motion to reconsider, which was accompanied by an affidavit in support of its request for attorney fees and costs. In its motion, Westgate argued, among other things, that its determination that Kirsch violated its rules was protected from judicial interference under the business judgment rule.

¶ 11    On June 2, 2020, the trial court denied Westgate's motion to reconsider, reasoning that the Board did not make its decision in good faith and did not timely disclose all material facts to Kirsch. The court explained that it found Koziak's testimony, that he thought that Kirsch had seen the video, unconvincing. The court noted that Kirsch testified that she had never seen the video. Finally, the court determined that nothing contradicted Kirsch's testimony that she was not afforded an opportunity to tell her side of the story.

¶ 12    In its timely notice of appeal, Westgate specified the court's order from December 16, 2019, granting judgment in favor of Kirsch as well as its June 2, 2020, order denying Westgate's motion to reconsider.

¶ 13                                II. ANALYSIS

¶ 14    Westgate contends that the trial court's ruling in Kirsch's favor was against the manifest weight of the evidence. According to Westgate, the business judgment rule precludes judicial interference with the Board's determination that Kirsch violated its rules. Moreover, Westgate argues that Kirsch forfeited her right to rely on the "bad faith" exception to the business judgment rule, as Kirsch did not raise this argument until she responded to Westgate's motion to reconsider. Even if the trial court had a basis for reviewing the Board's determinations, Westgate submits that there was sufficient evidence that Kirsch violated the rules, along with sufficient evidence showing

the reasonableness of the amounts assessed against Kirsch. Westgate also argues that the record does not support the trial court's conclusion that the Board acted in bad faith.

¶ 15    Kirsch asserts that the trial court's ruling was not against the manifest weight of the evidence. She maintains that, because the Board acted in bad faith when determining that she committed a violation, its decision is not protected from judicial interference by the business judgment rule.

¶ 16    When a party challenges the sufficiency of the evidence to support a judgment following a bench trial, the standard of review is whether the trial court's judgment is against the manifest weight of the evidence. *Kroot v. Chan*, 2017 IL App (1st) 162315, ¶ 19. A judgment is against the manifest weight of the evidence only when an opposite conclusion is apparent or when findings appear to be unreasonable, arbitrary, or not based on evidence. *Kroot*, 2017 IL App (1st) 162315, ¶ 19.

¶ 17    According to the business judgment rule, absent evidence of bad faith, fraud, illegality, or gross overreaching, courts are not at liberty to interfere with the exercise of the business judgment of corporate directors. *Goldberg v. Astor Plaza Condominium Ass'n*, 2012 IL App (1st) 110620, ¶ 63. The rule is intended to protect directors who have been diligent and careful in performing their duties from being exposed to liability due to honest mistakes of judgment. *Goldberg*, 2012 IL App (1st) 110620, ¶ 63. Further, it is understood that members of a board of directors of a common interest community association owe fiduciary duties to the association members. See *Chiurato v. Dayton Estates Dam & Water Company*, 2017 IL App (3d) 160102, ¶ 47 (explaining that fiduciary principles and business judgment rules apply to condominium and common interest community association directors alike). A violation of any fiduciary duty: due care, loyalty, or good faith will rebut the presumption of the business judgment rule. *Sherman v. Ryan*, 392 Ill. App. 3d 712, 722

(2009). A defendant may overcome the presumption by presenting evidence that the board failed to inform itself, prior to making the business decision, of all material information reasonably available to it. *Boucher*, 2018 IL App (1st) 162233, ¶ 48.

¶ 18 Westgate asserts that Kirsch forfeited her argument that Westgate acted in bad faith, as she failed to raise that argument at trial. Westgate also notes that, in its ruling on Westgate's motion to reconsider, the court explained that its ruling at trial was based on a lack of evidence of a violation.

¶ 19 These arguments fail for multiple reasons. In paragraph 13 of the court's order denying Westgate's motion to reconsider, the court explained that, "[a]t trial, [it] found, and continues to find, that the Board did not make its decision about any alleged violations of the rules and regulation [*sic*] in good faith." Further, in the amended bystander's report, the court explained that "[it] found insufficient evidence that Ms. Kirsch violated the Rules of the Association, and also found that *the Board did not make its decision about any alleged violations of the rules in good faith*." (Emphasis added).

¶ 20 While the phrases "good faith" or "business judgment" may not have been uttered at trial by *either* party, in substance, these issues were implicated by Kirsch's arguments at trial. For example, in her opening argument, Kirsch's counsel emphasized that Westgate was trying to evict Kirsch due to her dog urinating on a lawn in a dog-friendly community. In closing, Kirsch's counsel similarly asserted that Kirsch did not violate the rules and that evicting her from her home under these circumstances "would be against equity." Nevertheless, an appellee may raise any argument on appeal to affirm the circuit court's order if the factual basis for the issue was before the circuit court. *Olson v. Williams All Seasons Co.*, 2012 IL App (2d) 110818, ¶ 41. As such, Kirsch did not forfeit her argument that Westgate acted in bad faith.

¶ 21    Having established this, we hold that the record supports the trial court's conclusion that Westgate did not provide sufficient evidence of a violation. The trial court weighed the credibility of the two witnesses at trial and determined that Koziak's testimony that he thought Kirsch had seen the video was unconvincing. The court instead believed Kirsch's testimony that she had never seen the video. See *Larkin v. George*, 2016 IL App (1st) 152209, ¶ 19 (the question of whom to believe and what weight to give all the evidence is a decision for the trier of fact, whose determination should not be upset on review unless manifestly erroneous). Furthermore, as the trial court recognized, Westgate introduced no evidence to substantiate its claims that Kirsch's dog damaged her neighbor's lawn or that Kirsch violated Westgate's rules. The court was not obligated to credit Koziak's testimony on those points. There is no indication that the trial court's findings were not based on the evidence, or lack thereof, thus, we determine that the trial court's ruling in Kirsch's favor was not against the manifest weight of the evidence. *Kroot*, 2017 IL App (1st) 162315, ¶ 19.

¶ 22    We believe that the trial court also reasonably found that Westgate acted in bad faith when it failed to timely disclose all relevant information regarding the alleged violation to Kirsch. *Boucher* is persuasive.  In *Boucher*, a resident's condominium association sent him letters, through its attorney, regarding two separate incidents during which the resident allegedly violated the association's rules. *Boucher*, 2018 IL App (1st) 162233, ¶ 4. The resident requested a hearing, at which he was represented by counsel. *Boucher*, 2018 IL App (1st) 162233, ¶ 5. The resident was allowed to present his side of the story at the hearing. *Boucher*, 2018 IL App (1st) 162233, ¶ 5. During the hearing, the resident's attorney requested to review all underlying evidence, information, and documents relating to the alleged incidents. *Boucher*, 2018 IL App (1st) 162233, ¶ 5. The board denied the request, found that the resident violated the association's rules, and

imposed a fine. *Boucher*, 2018 IL App (1st) 162233, ¶¶ 5-6. The resident paid the fine but filed a complaint in circuit court alleging, *inter alia*, that the board violated its fiduciary duty by concealing evidence that was used against him. *Boucher*, 2018 IL App (1st) 162233, ¶ 6. The trial court granted summary judgment in favor of the board on that claim. *Boucher*, 2018 IL App (1st) 162233, ¶ 10. The appellate court reversed, explaining that the board breached its fiduciary duty to its resident by refusing to show him a written complaint from the association's employee concerning one of the incidents for which the resident was fined. *Boucher*, 2018 IL App (1st) 162233, ¶ 37. The resident had also presented evidence that the board refused to show him a video allegedly depicting the second incident for which he was fined. *Boucher*, 2018 IL App (1st) 162233, ¶ 37. The appellate court explained that these refusals supported a finding that the board violated its fiduciary duty to disclose, and in doing so, ensured that it would not hear significant evidence before deciding whether to fine the resident. *Boucher*, 2018 IL App (1st) 162233, ¶ 37.

¶ 23    Here, as in *Boucher*, the Board did not hear Kirsch's explanation of what the video showed because it did not show her the video. Westgate argues that *Boucher* is distinguishable because Westgate was *unable* to show Kirsch the expiring link. Westgate's assertion that it was unable to show Kirsch the video is not supported by the record. In this regard, the affidavit in support of attorney's fees and costs attached to Westgate's motion to reconsider is illuminating. On five separate occasions, from February 2018 to September 2018, the month in which the violation hearing was held, Westgate's attorneys billed for reviewing multiple videos containing evidence submitted by Kirsch's neighbor. At least two of those videos, according to the affidavit, depicted Kirsch's dog outside of the neighbor's house. Westgate claims in its brief that it was unable to show Kirsch any video evidence because of the "expiring link." However, the information in the affidavit, specifically, the fact that Westgate's attorneys were reviewing video evidence for

*multiple months*, suggests otherwise. Notably, Westgate's attorneys, as recently as September 11, 2018, the month in which the violation hearing was held, claimed to have reviewed evidence provided by Kirsch's neighbor regarding the condition of the grass.

¶ 24   None of this evidence was turned over to Kirsch. Because of this, Kirsch was deprived of an opportunity to respond to the video evidence before the Board made its determination. When investigating charges of misconduct against a unit owner, the duty of candor imposes on board members an obligation of full, fair, complete, and timely disclosure of material facts. *Boucher*, 2018 IL App (1st) 162233, ¶ 36. Because the Board did not timely turn over all available evidence to Kirsch, the trial court was justified in determining that the Board did not act in good faith.

¶ 25                                   III. CONCLUSION

¶ 26   For the foregoing reasons, we affirm.

¶ 27   Affirmed.